## STATE vs. CHARLES JOHNSON.

Opinion filed February 21st, 1893.

### Conviction of Lesser Crime, Than Charged.

> Comp. Laws, § § 6479, 6480, 6491, 6492, 6510, 7429, construed. *Held*, on a trial for the. crime of assault and battery committed with a deadly weapon, "with intent• to kill," the accused, under § 6510, Comp. Laws, may be convicted of an assault and battery, armed with a dangerous weapon, "with intent to do bodily harm." The commission of the latter is necessarily included in the commission of the former, within the meaning of § 7429, *supra*.

### Verdict—Weapon Not Named—Assault and Battery.

> Where the accused was charged with an assault and battery when armed with a deadly weapon, "with intent to kill," and the verdict was for "assault and battery with intent to do bodily harm, as charged in the information," *held*, the verdict will warrant a conviction for assault and battery only. The weapon with which an assault is committed is an essential feature of the crime defined by § 6510, *supra*. The jury failed to find the weapon, and the ommission is fatal to a conviction for felony.

### Acquittal of Greater Offense.

> The following words found in the verdict, "as charged in the information," are ambiguous, and cannot be resorted to for the purpose of showing that the assault and battery was committed with a dangerous weapon, in view of the fact that the effect of the verdict is to acquit the accused of the offense "charged in the information."

Error to District Court, Cass County; *McConnell*, J.

Charles Johnson was indicted for assault with intent to kill. The Jury found him guilty of assault with intent to do bodily harm. He was sentenced for the first named crime, and brings error.

Judgment modified.

*Taylor Crum*, for plaintiff in error.

*Robt. M. Pollock*, State's Attorney, for defendant in error.

WALLIN, J. Plaintiff in error was tried and convicted in the District Court upon an information charging him, in effect, with feloniously committing an assault and battery, while armed with a deadly weapon, "with intent to kill." The verdict is as follows: "We, the jury, find the defendant guilty of the crime of assault

and battery with intent to do bodily harm as charged in the information, and recommend him to the mercy of the court." When the prisoner was brought into court for sentence, his counsel appeared and objected to any sentence being pronounced against the prisoner for "any other or higher grade of offense than simple assault." This objection was overruled, and an exception was taken to the ruling. The court then sentenced the prisoner to a term of eight months in state's prison, an exception being saved to the sentence. The contention in this court is confined to the one question of the legality of the sentence, and the question presented is this: Did the verdict justify a sentence for felony, or should the punishment have been limited to a sentence for a simple assault, or assault and battery? A solution of this question will involve an examination of the information and the verdict, and these must be considered with reference to certain sections of the Penal Code. It is conceded that the information upon which the accused was tried was framed under that part of § 6479 of the Comp. Laws (§ 279 of the Penal Code) which provides that any person "who commits any assault and battery upon another by means of any deadly weapon, and by such other means or force as was likely to produce death, with intent to kill any other person, is punishable by imprisonment in the territorial prison, not exceeding ten years." As has been seen, the verdict, in terms, finds the accused guilty of "an assault and battery with intent to do bodily harm, as charged in the information." It is obvious that the legal effect of this verdict is to acquit the prisoner inferentially of the specific offense charged against him in the information, viz: the offense of assault and battery with intent to kill, and the question then presented is whether the verdict will justify the sentence actually pronounced against the prisoner. It is clear that the sentence cannot be sustained under the section upon which the information was drawn, (§ 6479, Comp. Laws,) for the reason, as has been stated, that the effect of the verdict is to find the accused not guilty of the crime defined and punished by that section; nor can the conviction be sustained

under § 6480, Id., which provides for the punishment of "assaults with intent to kill" which are not punishable under § 6479. The plaintiff in error has not been charged with the crime of commiting an assault with intent to commit a felony "other than assaults with intent to kill;" hence the conviction cannot be upheld under § § 6491, 6492, Comp. Laws. It is contended, however, in behalf of the state, that the sentence is valid as a conviction for an offense defined by § 6510, Comp. Laws, (§ 309, Penal Code,) which provides that "every person who, with intent to do bodily harm, and without justifiable and excusable cause, commits any assault upon the person of another with any sharp or dangerous weapon, * * * is punishable by imprisonment in the territorial prison," etc. It is well settled at common law that a defendant in a criminal case may be convicted of any offense "included" in the offense charged by the indictment. This principle has been embodied in § 7429, Comp. Laws, (§ 402, Code Crim. Proc.) which reads: "The jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment." Under a similar statute of the State of Iowa, the Supreme Court of that state, upon rehearing, overruled the original opinion of the court as written by Chief Justice Miller, and held that, "upon the trial of an indictment for an assault with intent to commit murder, the defendant may be convicted of an assault with an intent to commit manslaughter." *State* v. *White*, 41 Iowa, 316, 320; followed in *State* v. *Connor*, (Iowa,) 13 N. W. Rep. 327. The principle has frequently been applied, under statutes similar to those in this state, by the Supreme Court of California. *People* v. *Davidson*, 5 Cal. 134; *People* v. *English*, 30 Cal. 216; *People* v. *Congleton*, 44 Cal. 93; *People* v. *Lightner*, 49 Cal. 226. In *People* v. *English*, *supra*, the following language is used by the court: "The verdict is followed by the same judgment as though the defendant had been indicted for the offense of which he was convicted." The same rule obtains in New York, (*O'Leary* v. *People*, 4 Parker, Crim. R. 187,) and in Missouri, (*State* v. *Burk*, 2 S. W. Rep. 10.) These cases,

with many others, have fully established the modern doctrine that, even in those peculiar crimes where a specific intent constitutes the gist of the offense charged, a conviction will be sustained for any other offense, not charged in terms, the commission of which is necessarily included in the commission of the offense charged. *Beckwith* v. *People*, 26 Ill. 500. In the case at bar, however, the established rule now voiced by § 7429, Comp. Laws, by reason of an insufficient verdict, cannot be applied to the extent of affirming a conviction for felony for the offense defined by § 6510, Id. The verdict does not find the defendant guilty of the offense charged in the information, and fails to find him guilty of any other felony. "Assault and battery with intent to do bodily harm" is not felony at common law, nor under any statute of this state. An essential element of the felony defined by § 6510 is lacking in the verdict. An armed assault is not found, and the omission is fatal to the sentence. The verdict will sustain a sentence for assault and battery, which offense is both charged and found. This view has direct and ample support in the adjudications of other states, under statutes essentially the same as in this state. *People* v. *Vanard*, 6 Cal. 562; *Sullivan* v. *State*, 44 Wis. 595; *Territory* v. *Conrad*, (Dak.) 46 N. W. Rep. 605; *O'Leary* v. *People*, 4 Parker, Crim. R. 187.

We are of the opinion that the words "as charged in the information," which are embraced in the verdict in this case, when considered with reference to the fact that the defendant is not found guilty of the offense charged in the information, are ambiguous, and too indefinite to sustain the sentence. If the inference may properly be drawn from the general language of verdict above quoted, that the accused was armed with a dangerous weapon when he committed the assault and battery of which the jury found him guilty, the same rule of construction would, we think, require the court to infer that an armed assault and battery was committed if the verdict had been as follows: "We, the jury, find the defendant guilty of an intent to do bodily harm, as charged in the information;" but to thus speculate, and "give

loose rein to conjecture," would, in our opinion, be very danger-
ous in a criminal case. We find no precedent to justify such a
mode of spelling out the meaning of ambiguous language in a ver-
dict in order to sustain a conviction for felony. A verdict of
guilty for an offense not charged in terms is allowable, as has
already been shown, in certain cases, but such verdicts, to be
legal, must embody all the essential elements of the crime not
charged in terms, but which is "included" in the commission of the
offense charged. The offense of assault and battery was charged and,
found by the jury, and the verdict warrants a conviction for that
offense only. The judgment of the District Court must be modi-
fied, and that court will be directed to sentence the plaintiff in
error for the crime of assault and battery only. All concur.