STATE OF NORTH DAKOTA v. FRANK J. CRUIKSHANK.

Opinion filed August 27, 1904.

**Information Is Sufficient.**

1. The information in this case, although not in the language of the statute, is sufficient to charge the offense of attempting to shoot with intent to kill, defined in section 7115, Rev. Codes 1899.

**Assault With Intent to Kill.**

2. Sections 7115, 7145, Rev. Codes 1899, construed and *held,* that the class of acts described as "assault and battery" with any deadly weapon, etc., in section 7115, and by the term "assault or assault and battery" with any sharp or dangerous weapon, in section 7145, does not include an assault or assault and battery with firearms for the purpose of shooting.

**Verdict — Sentence.**

3. A verdict finding the defendant guilty of "assault with a dangerous weapon, with intent to do bodily harm," does not warrant a judgment and sentence for the felony defined in section 7145, Rev. Codes 1899, as an attempt to shoot with intent to do bodily harm.

**Verdict — Evidence.**

4. The verdict convicts the defendant of an assault only, and is sustained by the evidence.

Appeal from District Court, Cass county; *Pollock,* J.
Frank J .Cruikshank was convicted of assault, and appeals.
Reversed.

*M. A. Hildreth,* for appellant.

The verdict is a nullity because the jury did not find the character of the weapon used. State v. Johnson, 3 N. D. 150, 54 N. W. 547; Ex parte An Cha, 40 Cal. 426.

The offense of assault with a dangerous weapon with intent to do bodily harm was not made out: 1st. Because no assault and battery was charged; 2d, none was proven; 3d, under the proof defendant could not be found guilty of an offense that involved the element of intent at all. Smith v. State, 39 Miss. 521; Lawson v. State, 30 Ala. 14; People v. Bransby, 32 N. Y. 525. The state's attorney in his statement says, "When a man holds a loaded gun upon another and demands his money, the jury is entitled to draw the inference that he will kill him if he don't give him the money." The state's attorney must not get outside of the record and attempt to fortify his case by the assertion of facts unsupported by the

evidence. The above statement is outside of the evidence and clearly prejudicial and constitutes reversible error. State v. McGahey, 3 N. D. 293, 55 N. W. 753; State v. Kent, 5 N. D. 516, 67 N. W. 1052; People v. Fielding, 53 N. E. 497; People v. Mull, 60 N. E. 629.

The court charged: "The law presumes that every man intends the natural, necessary and probable consequences of his acts." This is error; intent is always a question of fact for the jury. State v. Stewart, 29 Mo. 419; Floyd v. State, 1 Greene's Crim. Rep. 757; 1 Am. Crim. Rep. 6.

The law does not presume intent from the use of a deadly weapon. Patterson v. State, 11 S. E. 620; Gilbert v. State, 16 S. E. 652; Gallery v. State, 17 S. E. 863.

To constitute an assault there must be an intentional attempt by violence to do injury to the person of another, coupled with the present ability to do such injury. State v. Godfrey, 11 Am. State Rep. 830.

The evidence shows that defendant did not shoot or attempt to shoot at Martin, nor strike or attempt to strike him with the revolver; there is no presumption that the pistol was a deadly weapon, and the instructions of the court were error. Pierce v. State, 21 Tex. App. 540; Miles v. State, 23 Tex. App. 410; Flournoy v. State, 25 Tex. App. 244. Defendant's statement to Martin, so far as a display of the pistol was concerned was simply a conditional statement and negatives any intent to kill or to do bodily harm. Hairston v. State 3 Am. Crim. Rep. 6; People v. Oddell, 46 N. W. 601; Territory v. Conrad, 1 N. D. 338, 46 N. W. 605; State v. Godfry, supra.

It was error for the court to instruct that the questions of time, place and person were not really in dispute in the case. State v. Barry, 11 N. D. 428, 92 N. W. 809; Territory v. O'Hare, 1 N. D. 30, 44 N. W. 1003; State v. Marcks, 3 N. D. 532, 58 N. W. 25.

*Emerson H. Smith,* State's Attorney, and *W. H. Barnett,* Assistant State's Attorney, for the respondent.

A jury may find the defendant guilty of any offense, the commission of which is necessarily included in that which he is charged in the information or indictment, or of an attempt to commit an offense. People v. Odell, 46 N. W. 601; State v. Johnson, 3 N. D. 150, 54 N. W. 547; State v. Marcks, 3 N. D. 532, 58 N. W. 25; People v. English, 30 Cal. 215.

The cases in 3 N. D. 150 and 40 Cal. 426 are distinguishable in this, that the jury failed to find in their verdict that the assault was committed with any weapon whatever. People v. English, 30 Cal. 215.

Remarks of the state's attorney in his address to the jury complained of by the appellant, were mere deductions and inferences and were proper and right. State v. Kent, 5 N. D. 516, 67 N. W. 1052; State v. McGahey, 3 N. D. 293, 55 N. W. 753.

The charge of the court, "the question of time, place and persons was not in dispute," was not taking from the jury any question of fact, as the defendant himself admitted the time, place and persons and weapons used. The reason of the rule ceased and therefore the rule itself ceased. Section 5772 Rev. Codes 1899. Burr v. Armstrong, 56 Mo. 577; Cadwell v. Steppins, 57 Mo. 589, Fields v. Wabash & St. Louis R. R. Co., 80 Mo. 203; Carter v. Chainis, 79 Ala. 223; Kooks v. Frick, 75 Ga. 715, 14 Am. St. 36.

ENGERUD, J. Defendant was tried on a plea of not guilty to an information of which the charging part was as follows: "That at the said time and place the above-named defendant, Frank J. Cruikshank, did feloniously, then and there having a present ability to commit the crime of murder, assault one Fred Martin with a deadly weapon, to wit, a pistol then and there held in the hands of said defendant, and then and there pointed and aimed at said Fred Martin, and with felonious intent to kill said Fred Martin." The trial court instructed the jury that this information accused the defendant of the crime defined in section 7115, Rev. Codes 1899. The jury were further instructed that the offense defined in section 7145, Rev. Codes 1899, was necessarily included in the offense charged in the information, and hence that the defendant might be found guilty of the lesser crime, under section 7145, if they found that the defendant intended to do bodily harm, but not to kill. The jury returned the following verdict: "We, the jury, find the defendant guilty of the crime of assault with a dangerous weapon, with intent to do bodily harm to the complaining witness, Fred Martin, although without intent to kill him, as he stands charged in the information." Motions for a new trial and in arrest of judgment were overruled, and the defendant sentenced to a term of imprisonment in the penitentiary. He appeals from this judgment.

One of the grounds urged in arrest of judgment was that the information did not state facts sufficient to constitute a public offense. This objection to the information cannot be sustained. It is apparent from the record that the information was drafted and the case tried on the theory that a mere assault with a firearm, as such, comes within the definition of the acts made punishable by section 7115, Rev. Codes 1899. That theory is erroneous. For reasons to be hereinafter stated, an assault with a firearm, as such, although with intent to kill, is not within the description of the crime defined by section 7115, unless the assault is of such a character as to amount to shooting, or attempting to shoot. We are of opinion, however, that the acts charged against the defendant in this information are sufficient to charge an attempt to shoot with intent to kill, so that the information sufficiently states the offense defined by that part of section 7115 which reads as follows: "Every person who shoots or attempts to shoot at another, with any kind of firearm, air gun or other means whatever with intent to kill any person, * * * is punishable," etc. The information does not use the language of the statute, but it is not necessary to do so if the facts stated set forth all the essential elements of the offense defined by the law.

This information, in substance, charges that the defendant feloniously aimed a loaded pistol at another, with the then existing intent to then and there kill the person aimed at. No reasonable deduction from the facts stated is possible, other than that the defendant intended to discharge the pistol with the intent thereby to kill the person aimed at, and that he was in the act of executing his wicked design. This is clearly an "attempt to shoot." The defendant had the present intention to shoot, the present ability to carry his intention into effect, and the aiming was an overt act essential to, and immediately connected with, the act of discharging the pistol.

The appellant challenges the sufficiency of the verdict to sustain the judgment and sentence. We are of opinion that the judgment and sentence are not warranted by the verdict, but our conclusion is based on reasons different from those urged by counsel. In order to explain the reasons for our conclusion, it will be necessary to consider and construe sections 7115, 7145, Rev. Codes 1899, which read as follows:

"Sec. 7115. Every person who shoots or attempts to shoot at another, with any kind of firearm, air gun or other means whatever with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means and force as was likely to produce death, with intent to kill any other person, is punishable by imprisonment in the penitentiary not less than one and not exceeding ten years."

"Sec. 7145. Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault or assault and battery upon the person of another, with any sharp or dangerous weapon, or who without such cause, shoots or attempts to shoot at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not less than one and not exceeding five years, or by imprisonment in a county jail not exceeding one year."

It will be seen that the second clause of section 7115 declares that assault and battery with a deadly weapon, with intent to kill, is severely punishable as a felony, but does not make criminal an assault with like weapons and intent. This language clearly excludes from the class of acts referred to by it all mere assaults with a firearm unless the gun or pistol is used as a club, or unless the gun or pistol is discharged, and the person assaulted hit or touched, so that the act amounts to an assault and battery. The preceding clause of the same section, however, deals exclusively with assaults by means of firearms or weapons of that general character. It declares, in effect, that any assault or assault and battery with such weapons with intent to kill the person assaulted, if the assault is of such a character as to constitute shooting or attempting to shoot, shall subject the offender to the same punishment as the acts mentioned in the succeeding clause. It is clear that the acts denounced in the first clause of section 7115, dealing with firearms and similar weapons, constitute in every instance an assault with a deadly weapon with intent to kill, because an assault is defined to be "any wilful and unlawful attempt or offer with force or violence to do a corporal hurt to another." Rev. Codes 1899, section 7141. It is sufficient to constitute an assault that there be an overt act of threatened violence, with the apparent ability to commit a battery. 2 Bishop, Crim. Law, sections 22-32 ; 1 Wharton, Crim. Law, section

603. It is equally clear, also, that such assault would not in all cases be a battery, which is defined to be "any wilful and unlawful use of force or violence upon the person of another." Rev. Codes 1899, section 7142. To constitute a battery, there must be an actual touching, however slight, of the person assaulted. 2 Bishop, Crim. Law, section 72. It is likewise obvious that, although shooting or attempting to shoot unlawfully at another is in all cases an assault, yet unlawfully assaulting with intent to shoot is not always an attempt to do the act intended. An attempt to shoot requires more than a mere assault. An attempt is a frustrated effort to execute some intended complete act. To constitute an attempt, there must be a present, actual, specific intent to do a complete act, and the actual doing of some overt act which is one of the series of minor acts directly involved in the performance of the ultimate act intended. Stow v. Converse, 4 Conn. 17, 37; Commonwealth v. McDonald, 5 Cush. 365; Graham v. People, 181 Ill. 477, 55 N. E. 179, 47 L. R. A. 731. The statute in question presents a case where the court should apply that elementary rule of construction that "specific provisions relating to a particular subject must govern in respect to that subject as against provisions in other parts of the law which might otherwise be broad enough to include it." Felt v. Felt, 19 Wis. 193. It follows that an assault or assault and battery with a firearm or similar weapon, as such, is excluded from the meaning of the language employed in the second clause of section 7115; and it further follows, as hereinbefore stated, that an assault with a firearm or similar weapon, as such, with intent to kill, is not an offense, under section 7115, unless the assault is of such a nature as to constitute shooting or attempting to shoot. In other words, section 7115 is divisible, and should be construed as if each of the two clauses mentioned were separate sections, independent and exclusive of each other. Turning now to section 7145, it will be seen that the same reasoning applies to it as we have applied in analyzing section 7115; that the two clauses describing the offenses defined therein should be read and understood as if they were separate sections, each exclusive of the other. The result is that the offense described in the second clause of section 7145 is merely a lesser degree of, and is necessarily included in, the offense defined in the first clause of section 7115. The same is also true of the first clause of section 7145 and the second clause of section 7115. In State v. Johnson, 3 N. D. 150, 54 N. W. 547, this court used

language from which it might be inferred that in all cases the offenses described in section 7145 were necessarily included in those defined in section 7115. Under the facts of that case, the law was correctly applied, but the language was general, and should have been modified to the extent above indicated. Tested by the rule applied in State v. Johnson, supra, and in State v. Marcks, 3 N. D. 532, 58 N. W. 25, it will be seen that the verdict in this case cannot support a judgment for the felony defined in section 7145. As already shown, neither section 7115 nor section 7145 makes a mere assault with a firearm, as such, a felony, even though the intent mentioned in the respective sections is established. The verdict is conclusive that the jury found only an assault, but failed to find an attempt to shoot. The verdict is therefore nothing more, in effect, than a finding of simple assault. Inasmuch, however, as an assault is an offense necessarily included in the crime charged in the information, the verdict is valid to that extent. The evidence is sufficient to justify a conviction for assault. It is substantially undisputed that the defendant pointed a loaded revolver at the complaining witness for the purpose of frightening the latter into compliance with the defendant's demand for the settlement of a claim for wages. Keefe v. State, 19 Ark. 190; State v. Morgan, 25 N. C. 186, 38 Am. Dec. 714; State v. Taylor, 20 Kan. 643.

The remaining assignments of error do not require notice, as they relate to instructions given and requests for instructions refused touching matters involved only in the consideration by the jury of the felonies defined in sections 7115 and 7145, of which felonies we hold that the defendant has been acquitted.

The judgment appealed from is reversed, and the cause remanded, with directions to the district court to render judgment on the verdict as for an assault, under section 7144, Rev. Codes 1899. All concur.

(100 N. W. 697.)

NOTE—On the charge of assault and battery committed with a deadly weapon with intent to kill, accused may be convicted of an assault and battery with intent to do bodily harm. State v. Johnson, 3 N. D. 150, 54 N. W. 547. Charge of an aggravated assault with a dangerous weapon committed with intent to do bodily harm includes simple assault, but not necessarily assault and battery. State v. Marcks, 3 N. D. 532, 58 N. W. 25. On a charge of assault and battery with a dangerous weapon, without justifiable or excusable cause, and with intent to do bodily harm, accused may be convicted of simple assault and battery. State v. Climie, 12 N. D. 33, 94

N. W. 574. An indictment of burglary in the third degree by breaking and entering a railroad car with intent to steal, will sustain a conviction for entering a railroad car with intent to steal. State v. Tough, 12 N. D. 425, 97 N. W. 546.