(114 N. W. 306.)

---

STATE OF NORTH DAKOTA v. ARNE HUNSKOR.

Opinion filed Feb. 14, 1908.

**Criminal Law — Directing Verdict.**

1. Appellant was convicted of the crime of shooting at another with a firearm, with intent to do bodily harm. At the conclusion of the state's case, and also at the conclusion of all the tes-

timony, defendant moved that the jury be advised by the court to acquit. *Held,* that these motions were properly denied, there being sufficient evidence of guilt to require a submission threof to the jury.

## Same — Opinion — Evidence.

2. The proof disclosed that the prosecuting witness was in a buggy driving west on defendant's premises and was from 30 to 40 rods from defendant when he fired a rifle. The fact that such shot was fired by defendant was not disputed, but the defense contended that it was discharged upward, and defendant had no intent to shoot the complaining witness. One D. was called, and testified in defendant's behalf that he saw the gun fired, and that it was held in an upward angle, and that defendant did not aim the gun at the complaining witness. The following question was propounded to the witness, and an objection thereto sustained: "How high over the buggy would you estimate that the bullet would go if it were directly over the buggy?" *Held,* for reasons stated in the opinion, that such ruling was not error.

## Same.

3. Defendant was asked the question: "Previous to the time you had seen K. [the prosecuting witness] had you been trying to stop the public travel on that road?" *Held* not reversible error in sustaining an objection thereto.

## Same — Instructions — Shooting to Prevent Trespass.

4. Defendant requested the giving of the following instructions to the jury: "An assault upon or towards the person of another is not unlawful when used in preventing or attempting to prevent any trespass or other unlawful interference with real property in one's possession, provided the force or violence used is not more than sufficient to prevent such offense." Such request was properly denied. The rule embraced therein had no application to the crime charged. A person is not justified in shooting at another to prevent an ordinary trespass to real property.

## Same.

5. Among other things the trial court instructed the jury in effect that they might find defendant guilty whether the gun was shot off by defendant or not, provided they found that he aimed the same at the prosecuting witness with intent so to do. This is *held* reversible error.

## Same.

6. Other instructions examined, and *held* properly given.

## Same — Sentence.

7. The trial court, in addition to sentencing defendant to imprisonment in the county jail, imposed a fine. This was error, as the

statute under which defendant was convicted prescribes imprisonment merely, either in the penitentiary or county jail.

Appeal from District Court, Bottineau county; *Goss, J.*

Arne Hunskor was convicted of shooting with intent to do bodily harm, and appeals.

Reversed.

*Noble, Blood & Adamson,* for appellant.

No brief by respondent.

FISK, J. Defendant was tried and convicted in the district court of Bottineau county under an information, the charging part of which is as folows: "That at the same time and place the said defendant did willfully, unlawfully and feloniously, without justifiable or excusable cause, and with intent to do bodily harm to one J. G. Krebs, shoot at said J. G. Krebs with a certain firearm, to wit, a rifle, then and there loaded with powder and ball, with the then and there intent to injure said J. G. Krebs, though without intent to kill said J. G. Krebs or to commit a felony." The verdict of the jury was as follows: "We the jury, find the defendant guilty of assault by shooting at J. G. Krebs with a firearm, and that willfully and unlawfully, as charged in the information." A motion in arrest of judgment was made and denied, and judgment rendered sentencing defendant to imprisonment in the county jail of said county for the period of 60 days and imposing a fine of $200, and costs of prosecution, taxed at $175, in default of the payment of which defendant was adjudged to be imprisoned for the further period of six months. Thereafter a statement of the case was duly settled, and a motion for a new trial was made and denied, and from such judgment and the order denying a new trial this appeal is prosecuted.

Appellant has assigned numerous errors upon which he asks a reversal of the judgment and order appealed from. These will be considered in the order presented. At the close of the state's case, and also at the close of all the evidence, defendant moved the court to advise the jury to acquit, and error is assigned upon the court's refusal to grant such motions. We have examined the evidence with much care, and are of the opinion that no error was committed in the denial of these motions. Without detailing the tes-

timony at length in this opinion, it is sufficient to say that we are
clearly of the opinion that there was enough evidence of guilt to
require a submission thereof to the jury, and hence that the trial
court properly denied such motions.

The next assignment of error relates to the ruling of the trial
court in sustaining an objection to the following question pro-
pounded to the witness Brock De Clue: "How high over that buggy
would you estimate that the bullet would go if it were directly
over the buggy?" A brief statement of the preceding testimony
is necessary to a proper understanding and determination of this
assignment of error. The state had introduced testimony tending
to prove that, while the prosecuting witness and his wife and child
were in a buggy driving west from defendant's house in defendant's
field at a distance of from 30 to 40 rods from such house, defend-
ant, who was near his house, shot at them with a rifle. The
theory of the defence was that defendant did not shoot at the
prosecuting witness, but merely shot such rifle off to scare the
witness, and that he took no aim, but fired upwards or at the side of
the prosecuting witness. We think such ruling is not reversible
error, for three reasons: First, the witness had already testified
that defendant held the gun in an upright angle when he fired, and
that he did not aim the same at the prosecuting witness; and, sec-
ond, the distance the bullet would pass over the buggy, if it passed
over it, was necessarily a mere conclusion and opinion of the wit-
ness; and, third, no offer of proof having been made by defendant,
error cannot be predicated thereon. Madson v. Rutten (N. D.) 113
N. W. 872, and cases cited.

The third assignment of error, is, we think, wholly devoid of
merit. It relates to the ruling of the trial court in sustaining an
objection to the following question asked defendant: "Previous to
the time you had seen Mr. Krebs, had you been trying to stop the
public travel on that road?" How a favorable answer to this ques-
tion could possibly have any bearing upon the guilt or innocence of
the defendant we are at a loss to understand. Certainly an affirm-
ative answer would have furnished no excuse or justification for
the crime charged. At the most such an answer might have fur-
nished in some slight degree a mitigating circumstance, but, as be-
fore stated, no offer of proof having been made, error cannot
be predicated thereon.

The next assignment of error is based upon the refusal of the court to give the following instruction requested by the defendant: "An assault upon or toward the person of another is not unlawful when used in preventing or attempting to prevent any trespass or other unlawful interference with real property in one's possession, provided the force or violence used is not more than sufficient to prevent such offense." Such request was properly denied. It would, no doubt, have been proper, if the accused was charged with merely a simple assault, but it had no relevancy to the offense charged in the information, and for which the defendant was on trial. That a person is not justified in shooting at another with a Winchester rifle or any other firearm in order to prevent an ordinary trespass to real property ought not to be seriously questioned in a court of law.

This brings us to the assignments relating to the instructions given to the jury by the trial court. Among other things the court charged the jury as follows: "In this action the defendant is charged in the information filed by the state's attorney with the crime of willfully and unlawfully and feloniously, without justifiable or excusable cause, and with the intent on the part of the defendant to assault one J. G. Krebs with a firearm, without the intent on the part of the defendant to kill said Krebs or commit a felony." This portion of the instructions is an attempt to inform the jury of the nature of the charge against the defendant. It is true that such attempt was very poorly executed and was technically inaccurate; but we are unable to see how the jury was misled thereby, or how the same in any way constitutes prejudicial error, especially in view of the remainder of the charge. It is, however, quite apparent that the learned trial judge did not fully appreciate and understand the exact nature of the accusation against the defendant. It was not for an assault or assault and battery upon another with a dangerous weapon with intent to do bodily harm, but it was for willfully and feloniously shooting at another with a firearm, with intent to injure such other. See State v. Cruikshank, 13 N. D. 337, 100 N. W. 697.

The defendant also complains of that portion of the instructions wherein the court charged that he might be found guilty of simple assault; but, in view of the fact that he was not convicted of such lesser offense, we do not see how error can well be predi-

·cated thereon, and whether the giving of such instruction was error or not is wholly immaterial.

Another instruction complained of is that wherein the jury were charged in effect that they might find the defendant guilty whether the gun was shot off by defendant or not, provided they find that he aimed the same at the prosecuting witness with intent so to do. Why this instruction was given we cannot understand, as we fail to find any basis therefor in the testimony. It seems to have been conceded that defendant discharged the rifle, and the sole controversy throughout the trial was as to whether he shot at or intended to shoot at the prosecuting witness. The giving of this instruction is another evidence of the fact that the trial court was laboring under a misapprehension as to the nature of the accusation. The evident object of this instruction was to inform the jury that the offense of assault with a dangerous weapon was proven if the defendant merely aimed this loaded rifle at the witness with intent to shoot him; but, as before stated, the charge in the information was not an assault with a dangerous weapon, but it was and is the shooting at another with a firearm with the felonious intent to injure the person shot at. We are unable to say that the giving of such instruction did not mislead the jury, and hence we are constrained to hold that the same constitutes error necessitating a new trial.

The jury were instructed that in arriving at their verdict they should not consider the fact that the prosecuting witness was trespassing upon defendant's premises, except in so far as it bears upon the defendant's intent in shooting off such firearm. We see no error in the giving of this instruction. As before stated, a mere trespass to real property is no excuse or justification for the use of a deadly weapon to prevent the same.

The next assignment of error relates to the style or form of the blank verdicts submitted to the jury. While the verdict which was submitted to and returned by the jury is not a desirable model, we are not prepared to say that it should not be sustained in the absence of other reversible error; but we think the better practice requires that a verdict should embrace a finding of the essential and ultimate facts constituting the crime charged.

One other assignment remains to be considered. The trial court sentenced the defendant to pay a fine and the costs in addition to imprisonment in the county jail. This was clearly error.

The statutory punishment for the offense of which defendant was convicted does not include a fine, but is restricted to imprisonment either in the penitentiary or county jail. Section 8876, Rev. Codes 1905.

For the error in the instruction above mentioned, the judgment and order appealed from are reversed, and a new trial ordered. All concur.