STATE OF NORTH DAKOTA, Respondent, v. EMIL L. GUN-
DERSON, Appellant.

(173 N. W. 791.)

**Information and indictment — appeal and error — shooting with intent to
injure another.**

1. Sections 9519 and 9549 of the Compiled Laws of 1913 are construed as
previously construed in the case of State v. Cruikshank, 13 N. D. 337, and it is
*held* that the felony of shooting or attempting to shoot another with intent
to injure the person is not committed unless an attempt to carry out the intent
is shown.

**Information and indictment — verdict of jury.**

2. Where the information charges the defendant with shooting another with
intent to injure, and the jury, by its verdict, finds the defendant guilty of the
crime of assault with a dangerous weapon as charged in the information, the
verdict does not find the defendant guilty of an attempt to shoot, within §
9519, Compiled Laws of 1913.

**Assault — sufficiency of verdict.**

3. The verdict being sufficient to find the defendant guilty of the crime of
assault, he may be sentenced accordingly.

Opinion filed July 8, 1919.

Appeal from the District Court of Pierce County, *Burr,* J.
Reversed.

*E. R. Sinkler (Engerud, Divet, Holt, & Frame,* of counsel), for ap-
pellant.

The sentence is unwarranted by the verdict. State v. Cruikshank,
13 N. D. 337; State v. Hunskor, 16 N. D. 420; Territory v. Conrad,
1 Dak. 363; Comp. Laws, § 9548.

In order to convict of any of these aggravated and felonious assaults,
the verdict must find and declare the necessary evil intent. Omission
from the verdict of a finding of the specific intent is equivalent to a
finding of not guilty of the wicked intent; and hence is a verdict for
simple assault only.

The words, "as charged in the information," are of no avail, and
cannot help the verdict any. State v. Johnson, 3 N. D. 153; State v.

Marks, 3 N. D. 532; State v. Cruikshank, 13 N. D. 337; Sullivan v. State, 44 Wis. 595; People v. English, 30 Cal. 214; State v. Snider (Wash.) 73 Pac. 355; Territory v. Conrad, 1 Dak. 363.

BIRDZELL, J. This is an appeal from a judgment of conviction under which the defendant is sentenced to a term of one year in the penitentiary. The judgment was rendered on a verdict of the jury as follows: "We, the jury in the above-entitled cause, find the defendant, E. L. Gunderson, guilty of the crime of assault with a dangerous weapon as charged in the information." The information charges the defendant with committing the crime of assault and battery as follows: That the defendant did "unlawfully, wrongfully, wilfully, and without justification or excusable cause, shoot one John W. Caley with a firearm, commonly called a shotgun, which said arm was then and there loaded with powder and leaden shot, with intent then and there had in him, the said Gunderson, to injure and do hurt to the said John W. Caley."

The only assignment of error is that the sentence and judgment are erroneous and unwarranted by the verdict. Under the appellant's construction of the verdict, it finds the defendant guilty of only a simple assault. Sections 9518–9520, 9531–9533, and 9549, Compiled Laws of 1913, define various aggravated assaults. In each of the sections the specific intent with which the particular assault was committed is an ingredient of the offense, and where the assault is accompanied by the use of an instrumentality used for shooting, such as a firearm, there must be present the additional element of at least an *attempt to shoot*. This is also true of that part of § 9549, under which the information in question was clearly drawn, which relates to an assault with firearms. This section reads: "Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault or assault and battery upon the person of another, with any sharp or dangerous weapon, or who without such cause, shoots or attempts to shoot at another, with any kind of firearm or airgun or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not less than one and not exceed-

ing five years, or by imprisonment in a county jail not exceeding one year."

Under the decision of this court.in the case of State v. Cruikshank, 13 N. D. 337, 100 N. W. 697, it was held that a verdict which found the defendant guilty "of the crime of assault with a dangerous weapon, with intent to do bodily harm to the complaining witness, . . . although without intent to kill him, as he stands charged in the information," was not sufficient upon which to pass a sentence for felony, where it appeared that the defendant had pointed a loaded revolver at the complaining witness for the purpose of frightening him into compliance with the defendant's demand for the settlement of a claim for wages. In that case it was pointed out that the verdict, though finding a specific intent to do bodily harm, did not find the defendant guilty of an attempt to shoot, which was an element of the felonies defined in §§ 7115 and 7145, Revised Codes of 1899, which are identical with §§ 9519 and 9549, Compiled Laws of 1913. The former section defines as a crime either shooting or attempting to shoot with intent to kill, and the latter is as above quoted. In the opinion it was said to be obvious that, "although shooting or attempting to shoot unlawfully at another is in all cases an assault, yet unlawfully assaulting with intent to shoot is not always an *attempt* to do the act intended. An attempt to shoot requires more than a mere assault. An attempt is a frustrated effort to execute some intended complete act. To constitute an attempt, there must be a present, actual, specific intent to do a complete act, and the actual doing of some overt act which is one of the series of minor acts directly involved in the performance of the ultimate act intended." It follows, said the court, further, "that an assault with a firearm or similar weapon, as such, with intent to kill, is not an offense, under § 7115, unless the assault is of such a nature as to constitute shooting or *attempting* to shoot," and this reasoning the court held to be as applicable to shooting or attempting to shoot, under § 9549, above quoted, as under § 9519, and it held that "neither § 7115 nor § 7145 [§§ 9519 and 9549, Comp. Laws 1913] makes a *mere assault* with a firearm, as such, a felony, even though the intent mentioned in the respective sections is established. The verdict . . . then," said the court, "is conclusive that the jury found only an assault,

but failed to find an attempt to shoot. The verdict is therefore nothing more, in effect, than a finding of simple assault."

That is precisely the situation in the instant case. The jury has found only an assault, but it has not found an attempt to shoot, and even though the verdict be construed as finding also an assault with a gun with intent to do bodily harm, it does not involve a finding of an *attempt* to execute the intent which the statute specifically makes an ingredient of the felony. It follows from this that the offense of which the jury has found the defendant guilty is the offense of assault, and it is elementary that the judgment and sentence must conform to the verdict.

Counsel for the respondent, however, urge that inasmuch as an assault is defined by § 9545, Compiled Laws of 1913, as "any wilful and unlawful attempt or offer with force or violence, to do a corporal hurt to another," it follows that the felony of shooting with intent to injure a person cannot be committed without committing the felony of assault with intent to injure another person with a firearm, as the offense is defined in the first part of § 9549, above. And from this it is said to follow that an information which charges the felony of shooting with intent to injure likewise charges the felony of assault with a dangerous weapon with intent to injure, and consequently that the verdict should be construed as a finding of guilt of a felonious assault though not embracing a sufficient finding of an attempt to shoot. But the court likewise dealt with this question in the case of State v. Cruikshank by applying the elementary rule of construction that a provision relating to a particular subject must govern with respect to that subject, as against provisions in other parts of the law which might otherwise be broad enough to include it. And the legislature having dealt specifically with the subject of assault or assault and battery with a firearm or similar weapon, used as such, it excluded such assaults from the more general assaults embraced within the fore part of § 9549. This construction of § 9549 is manifestly correct, for, if the section meant what the respondent contends it means, the second clause of the section is wholly superfluous; for it goes without saying that any firearm or other instrumentality capable of being shot is, as applied to a human being, a dangerous weapon. Consequently, charging an assault with such an instrument, so used as a firearm, charges assault with a dangerous weapon,

and it would be a felony under the first clause of the section. This would require us to strike from the statute the element of the attempt which the second clause makes an ingredient of the offense where it is charged that the instrumentality was employed to shoot.

It seems obvious to us that the information does not charge an assault with a firearm used as a sharp or dangerous weapon employed for other purposes than shooting, and that the verdict cannot be construed as a finding of the jury that the defendant committed an assault by so employing the firearm; for the jury has said by their verdict that the defendant was guilty of assault as charged, and the charge is assault and battery by shooting. For other authorities more or less in point on the question presented, see Territory v. Conrad, 1 Dak. 363, 46 N. W. 605; State v. Hunskor, 16 N. D. 420, 114 N. W. 996.

It follows from what has been said that the verdict in this case is insufficient to find the defendant guilty of a felony, and that the judgment must be reversed, with directions to sentence the defendant for the misdemeanor of assault with which the verdict finds him guilty. It is so ordered.

CHRISTIANSON, Ch. J., concurs.

GRACE, J. I concur in the result.

BRONSON, J. (concurring specially). I agree with the conclusion adopted by Justice Birdzell that the verdict as rendered does not justify the sentence imposed. I do this upon the sole ground that the verdict which attempts to describe the crime charged in the information fails to find a necessary ingredient of the offense, the evil intent. State v. Johnson, 3 N. D. 150, 54 N. W. 547. If the jury had returned a verdict of guilty as charged in the information no ambiguity would have resulted. The verdict as rendered leaves somewhat to conjecture the question of evil intent. It therefore can be sustained merely as a verdict for simple assault.

ROBINSON, J. (dissenting). In this case I think the reasoning of Mr. Justice Birdzell is too refined and technical, and too much after the mode of some old, former decisions. The appellant was tried and

convicted under the statute which makes it a crime for a person to shoot or attempt to shoot another with any kind of firearm or air gun, or other means whatever, with intent to injure any person. § 9549. The information charges that defendant did feloniously and without any cause or excuse shoot one John W. Caley with a firearm commonly called a shotgun, which said arm was then and there loaded with powder and leaden shot, with intent then and there to injure and do corporal hurt to the said Caley.

The verdict is: "We, the jury, find the defendant guilty of an assault with dangerous weapon as charged in the information." The fair meaning is that the defendant is guilty as charged in the information.