STATE OF NORTH DAKOTA, Respondent, v. ANTON KLEMMONS and Birda Ewarts, Appellants.

(180 N. W. 25.)

**Assault and battery — evidence sufficient to sustain conviction of simple assault.**

Defendants were charged with the crime of an assault with a dangerous weapon with intent to do great bodily harm, and convicted of a simple assault. The sentence of each is to pay a fine of $25 and costs, with imprisonment until the same is paid. The verdict is well sustained by the evidence, and the judgment is affirmed.

Opinion filed November 24, 1920.

Appeal from the District Court of Ward County, Honorable *F. E. Fisk,* Judge.

Affirmed.

*E. R. Sinkler,* for appellants.

A person may do anything that is necessary to prevent the trespass except use the dangerous weapon. Dinan v. Fitz Gibbon, 63 Cal. 387;

46 N. D.—12.

Townsend v. Briggs (Cal.) 34 Pac. 116; People v. Payne, 8 Cal. 341; People v. Flanders, 60 Cal. 2; Sims v. State, 36 S. W. 256.

Although assault and battery may be justified in defense of possession, wounding cannot, and it is only in personal self-defense or in defense of the family that the owner is justified in wounding the trespasser. M'Ilvoy v. Cochran, 2 A. K. Marsh. 271, cited in note in 22 L.R.A.(N.S.) 725.

*Wm. Langer*, Attorney General, *O. B. Herigstad* and *R. A. Nestos*, for respondent.

That one on trial for assaulting another with a dangerous weapon while trying to gain possession of real estate was the owner of the property is immaterial, since he had no right to resort to force to regain his rights. Hickey v. United States, 22 L.R.A.(N.S.) 728.

The law does not justify the owner of real or personal property in taking possession of it, by his own act, from another, unless he could do so without violence or a breach of the peace. Com. v. Haley, 4 Allen, 318; Corey v. People, 45 Barb. 262; Terrell v. State, 37 Tex. 442; State v. Bradbury, 67 Kan. 808, 74 Pac. 231.

ROBINSON, J. The information charges that in August, 1919, in the county of Ward, the defendants made an assault on W. H. Sibbald with a dangerous weapon, to wit, a hammer of 2 pounds, with intent to do great bodily harm. The jury found defendants guilty of the crime of a simple assault. The sentence of the court was that each defendant pay a fine of $25 and the costs of the prosecution, taxed at $80.25, and in default of payment be imprisoned for thirty days. The assault is well proven by several witnesses. Mr. Sibbald—an attorney at law—the complaining witness, testified: "On August 6th, at Kemmare, I was at the sheriff's sale held in a room. Klemmons wanted me to get out. Mrs. Ewarts laid her hand on me and tried to shove me out. Klemmons came up behind her and said: 'Knock the brains out of the —of-a—.' He handed her a monkey wrench, saying: 'Take this and knock his brains out.' The deputy sheriff grabbed the monkey wrench and threw it on the floor. Klemmons grabbed a hammer, handing it to her and saying, 'Use this.' She took the hammer, raised it up, threatening to strike him, when the deputy took it from her. The hammer weighed a pound and a half or two pounds." The testimony is corroborated by three witnesses.

The defense is that the assault was made by defendants in defense of their property. In appellants' brief it is said: At the time of the alleged assault the defendant Ewarts was the owner of a certain garage, in which she was conducting a garage business, and defendant Klemmons was working for her in such business. The sheriff of Ward county had advertised a sale and was conducting the sale in the building. The property being sold by the sheriff was the property of Birda Ewarts and one Wallin. The sale was upon an execution against Klemmons, and he did not own the property. Mrs. Ewarts owned the building. The sheriff and those with him were trespassers upon her property. She requested them to get out of the building. They refused to do so. She seized a hammer which the other defendant handed to her, and was about to threaten Sibbald with the hammer in order to get him off the premises, when the hammer was seized by the bystanders.

The assault was the result of an old grudge and bitterness. It was not made in defense of property. Sibbald was not a trespasser. He had a right to be present at the sale. Mr. Sibbald testified: "It is a little more than two years since Anton Klemmons was removed as administrator of the Olmstead estate. I am attorney for the estate. Two years ago I was acting for the estate in handling the case in which this execution was issued that is in evidence. I got that judgment against him."

Klemmons testified: "I have known Sibbald two years. He was a trouble maker. He had me arrested. He has been after me for two years. His coming there that day and selling Mrs. Ewarts's property was part of the same deal. I was the administrator of the Olmstead estate. He started this lawsuit against me. He claimed that I was wasting the estate and had done away with a lot of property. I was removed. He secured a judgment against me. I have been working for Mrs. Ewarts about four years and have been managing her business."

Defendants may well be thankful that the timely intervention of the deputy sheriff prevented the use of the hammer.

Affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, J., concur.
GRACE, J., disqualified, did not participate.

BRONSON, J. (concurring specially). I concur in the affirmance of the judgment of conviction. It is the contention of the defendants that they were justified in attempting to use, or in threatening to use, a dangerous weapon to prevent the continued trespass of the complaining witness, after he had been ordered to leave the premises involved, and after he had refused so to do; that the jury, by its verdict, have found the defendant guilty of a simple assault, and not guilty of an assault with a dangerous weapon; that, therefore, such simple assault was justifiable, upon this record, as a matter of law. The jury was warranted in finding the defendant guilty of a simple assault upon the information. Comp. Laws 1913, § 10,890; State v. Johnson, 3 N. D. 150, 152, 54 N. W. 547. In the record there is evidence not only that the defendants had a monkey wrench and a hammer in their hands, but also that the complaining witness was pushed and shoved just prior to the use of these instrumentalities. The question of whether the assault was justifiable was properly a question of fact for the jury.

CHRISTIANSON, Ch. J., concurs.