[File No. 79, Cr.]

STATE OF NORTH DAKOTA, Respondent, v. HENRY BAL-
LIET, Appellant.

(240 N. W. 604.)

Opinion filed February 1, 1932.

*Jacobsen & Murray,* for appellant.

*C. Liebert Crum,* State's Attorney, for respondent.

NUESSLE, J. This is an appeal from Grant county. The defendant was informed against on a charge of burglary in the third degree (Comp. Laws 1913, § 9873). The case came to trial before a jury. The State offered evidence in support of the information. The court in submitting the case to the jury charged that the crime of unlawfully entering a building (§ 9878) was an included offense. The jury returned a verdict of guilty of the latter offense and on February 6, 1931, a sentence of fine and imprisonment in the county jail was imposed. On that date the defendant made a motion in arrest of judgment (§ 10,921), which was denied. The court's instructions to the jury were not in writing. They were transcribed and filed on April 9th. No exceptions thereto were filed as required by the statute. Comp. Laws 1913, § 10,824; State v. Shoars, 59 N. D. 67, 228 N. W. 413. The foregoing matters appear on the face of the judgment roll. See Comp. Laws 1913, § 10,942. No statement of the case was settled or certified (§§ 10,902–10,914, as amended). On April 21, the

defendant served a notice of appeal from the judgment of conviction and the judge signed a certificate of probable cause.

In addition to the judgment roll proper, the clerk certified and transmitted to this court certain other papers from which it appears that on April 25, defendant also moved for a new trial. He set out in his notice of motion as the grounds thereof, the statutory grounds 2, 3, 4, 5, and 6, of § 10,917. He served no specifications of error (§ 10,919) with his notice of motion and in no way evidenced the grounds on which he predicated the motion other than by the notice heretofore referred to. The motion was heard on April 25 and was denied on June 13. Thereafter and on June 24, defendant served a notice of appeal from the order denying his motion for a new trial. In his brief he states that the appeal is from the judgment of conviction and from the order denying the motion for a new trial. The brief contains no specifications of error. There is no transcript of testimony. The trial court in denying the motion for a new trial wrote and filed a memorandum opinion, also certified by the clerk, which reads as follows:

"Mr. Murray appeared for the defendant and argued that the crime of unlawfully entering a building was not an included offense of the crime of Burglary in the Third Degree, and cited the case of State v. Johnson, 3 N. D. 150, 54 N. W. 547, and State v. Cruikshank, 13 N. D. 537, 100 N. W. 697, claiming that the verdict can not stand for the reason that some of the material allegations of the crime of unlawfully entering a building were not contained in the information or in the verdict.

"We have examined these cases and we feel that the instructions of the court are correct and that the crime of unlawfully entering a building is one of the included offenses and that no prejudicial error was committed in that respect.

"Defendant also claims that the court erred in instructing the jury as to the penalty. We do not think there was any prejudicial error in the instructions on that point.

"We have reviewed the case as far as the assignments of error are concerned and we feel that the defendant has had a fair trial, and there is no question about his guilt in the mind of the court.

"We do not think that a new trial would be in furtherance of justice and therefore the application for a new trial is denied."

There is no statement of the case so we are limited on this appeal to a consideration of the errors apparent on the face of the judgment roll. Since no exceptions were filed to the instructions as required by § 10,824, they cannot be challenged on this appeal. See State v. Shoars, 59 N. D. 67, 228 N. W. 413, supra.

In his motion in arrest of judgment the defendant challenged the sufficiency of the information for that it did not state facts sufficient to constitute the crime of burglary because it failed to set forth that the defendant broke into and entered a building with intent to commit larceny or any felony. He further attempted to challenge the verdict for the reason that the crime of unlawfully entering a building, section 9878, was not an offense included within the crime of burglary in the third degree as charged in the information. The claim of insufficiency of the information, however, is not argued in defendant's brief; nor was it argued on oral argument. So we must deem this claim abandoned. And it is clear there is no basis for the contention that the misdemeanor, unlawfully entering a building, is not included within the crime of burglary in the third degree as defined in § 9873, subsection 2, charged in the information. See State v. Tough, 12 N. D. 425, 96 N. W. 1025.

The defendant also insists that the verdict is bad for uncertainty. Section 9873, defining burglary in the third degree, reads as follows:

"Every person who breaks and enters, in the day or in the night-time, either:

"1. Any building within the curtilage of a dwelling house, but not forming a part thereof; or,

"2. Any building or any part of any building, booth, tent, railroad car, vessel or other structure or erection in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the third degree."

Section 9878 defines the offense of unlawfully entering a building, as follows:

"Every person who, under circumstances not amounting to any burglary, enters any building or part of any building, booth, tent, warehouse, railroad car, vessel or other structure or erection with intent

to commit any felony, larceny or malicious mischief, · is guilty of a misdemeanor."

The verdict as returned by the jury reads as follows: ·

"We, the jury, impaneled and sworn to try the above entitled action, do find the defendant guilty as charged in the information of the crime of unlawfully entering a building."

The information charges that the defendant did "break into and enter" a certain building with intent to steal certain personal property belonging to another kept therein. As is said in the case of State v. Tough, supra, the only element of burglary in the third degree defined in § 9873 and charged in the information which is wanting in the misdemeanor defined in § 9878, is the breaking. If the information in the instant case were amended by striking therefrom the words "break into" then the information as thus amended would sufficiently charge the offense of unlawfully entering a building defined in § 9878. It seems to us that though the form of the verdict as returned be subject to criticism, nevertheless, the verdict is not so uncertain and ambiguous as to be void. It found the defendant guilty of unlawfully entering a building as charged in the information. It failed to find that there was any breaking. Both "breaking" and "entering" with the intent charged are necessary to constitute burglary in the third degree. Therefore, since the verdict failed to find a "breaking" it amounted to an acquittal of the charge of burglary in the third degree. See State v. Johnson, 3 N. D. 150, 54 N. W. 547; State v. Maloney, 7 N. D. 119, 72 N. W. 927. But the verdict by finding an unlawful entering of a building "as charged in the information," found an entering of the building described in the information with the specific intent charged therein; that is, with the intent to steal. There can be no question as to what this finding amounts to. There is no room for difference of opinion as to its effect. Nothing is left to speculation or conjecture. "The well settled rule is that the language of verdicts must have a reasonable and liberal construction. If the verdict finds the defendant guilty of something duly charged, and constituting an offense, yet less than the entire allegation, it cannot be treated as void; it is a conviction of a part.' 1 Bishop, New Crim. Proc. § 1005. The same author (§ 1005) says: 'The language of the verdict, being that of "lay people," need not follow the strict rules of pleading, or be otherwise techni-

cal. Whatever conveys the idea to the common understanding will suffice, and all fair intendments will be made to support it.' " State v. Maloney, supra. Measured in this wise, the verdict is not subject to the defendant's challenge. The defendant cites and relies upon cases arising under §§ 9531 and 9549, Comp. Laws 1913, to wit: Territory v. Conrad, 1 Dak. 363, 46 N. W. 605; State v. Johnson, 3 N. D. 150, 54 N. W. 547, supra; State v. Marcks, 3 N. D. 532, 58 N. W. 25; State v. Gunderson, 42 N. D. 498, 173 N. W. 791; State v. Hunskor, 16 N. D. 420, 114 N. W. 996. However, an examination of these cases, together with the statutes under which they arose, discloses that they do not sustain the defendant's contention in the instant case. See also State v. Cruikshank, 13 N. D. 337, 100 N. W. 697.

In view of the state of the record the foregoing matters are all that can be considered on this appeal. Since there is no transcript of the evidence it is impossible for us to pass upon the merits of the case. The trial court, however, in his memorandum heretofore quoted, expresses the belief that the defendant had a fair trial and was clearly guilty.

The judgment is affirmed.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL and BURKE, JJ., concur.