[File No. Cr. 126.]

STATE OF NORTH DAKOTA, Respondent, v. GEORGE YOUMAN, Appellant.

(263 N. W. 477.)

Opinion filed November 19, 1935.

*P. O. Sathre,* Attorney General, and *Emil Giese,* State's Attorney, for respondent.

*Jacobsen & Murray,* for appellant.

MORRIS, J.   The defendant was convicted of rape in the first degree and sentenced to "from one to five years in the penitentiary." At the time of the act, charged as occurring March 19, 1933, the prosecutrix was sixteen and the defendant twenty-seven years of age.   The prosecutrix testified to four previous acts with the defendant, and that a child was born to her during the latter part of October, 1933.   The defendant urges eight assignments of error in the first of which he states that,

"The court committed error in preventing the defendant from showing promiscuous acts of intercourse on the part of the prosecutrix, and specific acts of intercourse with other men in the vicinity of New Leipzig during the period she claimed to have had illicit relations with the defendant.   This, especially in view of the fact that the prosecutrix showed corroborating circumstances, to-wit, that the prosecutrix had given birth to a child."

The record discloses that defendant's counsel asked the prosecutrix, "How many different fellows did you have intercourse with in New Leipzig," to which the state's attorney interposed the objection, "Incompetent, irrelevant, and immaterial and does not prove or disprove any issue in this action."   After some discussion the objection was sustained; then defendant's counsel said, "I understand the court won't permit me to prove other acts of intercourse with other men," to which the court replied, "No, that is the general rule upon the question and

the court will follow that." The appellant urges that the question comes within the exception to the general rule and should have been answered upon the theory that it tended to rebut a corroborating circumstance previously testified to by the prosecutrix, namely, the birth of a child. The objection was properly sustained. The question was too general. It was not limited to the time within which the conception of the child might have occurred. Furthermore, the defendant made no offer of proof by which the court might determine the relevancy and materiality of the proposed examination. On the record here presented it does not appear that the court committed error in denying proof of other acts.

In his second assignment the defendant urges error in instructing the jury. Both the State and the defendant waived a written charge and agreed that the court might charge the jury orally. No exceptions were filed as provided by § 10824, Compiled Laws of 1913. "Unless exceptions are so filed all objections to the instructions are waived." State v. Shoars, 59 N. D. 67, 228 N. W. 413; State v. Ballict, 61 N. D. 703, 240 N. W. 604. Therefore, we need not consider this assignment further.

Assignments three and four deal with the examination of the State's witness, Rudolph Dubs, and the remarks of the State's Attorney during this examination. Dubs was a member of the jury panel in attendance at the term at which this case was tried. He was called as a rebuttal witness on behalf of the State. His name had appeared several times in the testimony of other witnesses during the course of the trial. It had been shown that he was a member of a party which included the prosecutrix and the defendant that attended a wedding dance in 1931. The prosecutrix testified that her first act of intercourse with the defendant took place at this dance. The State's Attorney in examining Dubs brought out that he was a good friend and pal of the defendant and that he had testified at the preliminary hearing of this case. The State's Attorney proceeded to cross-examine the witness as though he were laying a foundation for impeachment. He read questions and answers from the transcript and asked the witness whether or not he had been asked such questions and had made such answers. The timely and strenuous objections of the defendant's counsel were overruled.

During a colloquy between counsel regarding the admissibility of this testimony, these remarks were made by the State's Attorney. "This witness is apparently a hostile witness." "He is the only one that can give this testimony and he is now testifying different from what he did at the preliminary hearing." "If the court wants to examine the testimony, here is the transcript. This is a surprise to the State for the reason that he did make a different statement now than he did at the preliminary hearing." In answer to the court's inquiry as to the purpose of the testimony, the State's Attorney said, "I want him to state whether he testified to that or not and then I want to put the stenographer who took his testimony on the stand." "His testimony is absolutely a surprise to us."

The examination of Dubs as a rebuttal witness for the State in the manner above outlined was not only irregular but was improper. The statements of the State's Attorney quoted above when taken with the examination of the witness imply that Dubs, who was a good friend and pal of the defendant, changed his testimony from what he had given at the preliminary hearing and thereby surprised the State. The State's Attorney no doubt believed the defendant to be guilty and in his enthusiasm for his case went beyond the bounds of proper conduct in making statements in the presence of the jury. These statements are not warranted by the evidence and are improper. Com. v. Shoemaker, 240 Pa. 255, 87 A. 684; State v. Nelson, 148 Minn. 285, 181 N. W. 850; State v. Nyhus, 19 N. D. 326, 124 N. W. 71, 27 L.R.A.(N.S.) 487. Difficulty is frequently encountered in determining whether or not such unwarranted statements are prejudicial to the defendant. Unless such statements appear to be harmless in themselves or are rendered harmless by proper instructions of the court they are presumed to be prejudicial. There is nothing in the record to justify the calling of Dubs as a rebuttal witness nor to justify his cross-examination with the aid of the transcript of his former testimony. In accusing him of changing his testimony the state's attorney went beyond the limits of legitimate conduct and comment. His statements imply that the witness was withholding from the jury facts which were unfavorable to the defendant. Such an implication is prejudicial in its tendency and under the circumstances we cannot say that it did not have an effect

upon the jury's verdict. Taken as a whole the conduct and procedure here considered are sufficiently prejudicial to require a new trial.

The next assignment deals with objections to two leading questions. Without setting forth these questions it is sufficient to say that their propriety comes within the discretion of the trial court.

By assignment No. 6 the defendant contends that the court committed error in preventing the defendant from showing surrounding circumstances of the illicit relations testified to by the prosecutrix. The court permitted the defense to examine the prosecutrix in regard to the state of her clothing, whether she resisted and fought, and whether or not she called for help. The court permitted an extensive cross-examination to cover the number of years that the relations of the parties continued, when the child was born and whether or not any precautions were taken. It would appear that the cross-examination was sufficiently extensive and that the trial court did not abuse its discretion in not permitting a more extended questioning of the prosecuting witness as to the intercourse and the birth of a child. There is corroborating testimony on the part of several witnesses showing opportunity. The evidence so produced is sufficient to sustain the verdict.

In the final assignment the defendant asserts that from one to five years in the penitentiary constitutes cruel and unusual punishment under the record in this case. This contention is wholly without merit. The sentence is within the limits provided by the statute for the offense for which the defendant was convicted. Imprisonment in the penitentiary for such an offense is neither a cruel nor unusual punishment and since it is within the statutory limits, the sentence will not be disturbed by this court. State v. Jochim, 55 N. D. 313, 213 N. W. 484.

Reversed and remanded for a new trial.

BURKE, Ch. J., and NUESSLE and CHRISTIANSON, JJ., concur.

BURR, J. (dissenting). This case is reversed solely because the state was permitted to "cross-examine" its own witness, who had not testified in the main case. The witness was not a member of the jury trying the case. Just why the state attempted to discredit him before the jury when he was not a witness testifying is not explained. The court permitted the State to call one who had not testified and to attempt to show

the witness was unworthy of belief because he was supposed to be prepared to now swear contrary to what he may have said outside of the trial on hand. It had nothing to do with the case and should not have been permitted; but to reverse the case on this ground is an entirely different matter. Had this witness testified beforehand, the situation would have been different. Just why the state's attorney wanted to discredit an "outsider" before the jury is inexplicable. But the point before us is—did this act injure the defendant? This witness had not testified for the defendant, nor against the defendant. The majority decides all other points raised on the appeal in favor of the State. The fact the witness said he was a good friend of the defendant and "palled around with him" is of little moment, because he had not attempted to testify for the defendant, so far as the record shows.

I think it is a mistake to reverse a conviction admittedly justified by the evidence because the State's Attorney injected extraneous matters into the case. It is not enough to say he should not have done so. On appeal it is for the defendant to show that he was injured, or at least raise a reasonable assumption of injury. The time when appellate courts search for error is past. It is difficult to see how the defendant could claim to be injured because the State attempted to discredit someone who had not testified for either the State or the defendant.