J. T. HALE v. MISSOURI PACIFIC RAILWAY COMPANY.

FILED FEBRUARY 15, 1893.   No. 4221.

1. **Carriers:** SHIPMENT OF LIVE STOCK: FAILURE TO FEED AND WATER: LIABILITY FOR DAMAGES: PLEADING. Section 4386, Rev. Stat. U. S., imposes a penalty upon a railway company which transports live stock, if the animals are kept in the cars more than twenty-eight consecutive hours, "unless prevented from so unloading by storm or other accidental causes." There is further exception where animals "have proper food, water, space, and opportunity to rest" on the cars. *Held*, That in addition to the penalty imposed by statute, a railway company which failed to comply with the above requirement would be liable in damages to the owner of the stock, but to state a cause of action the petition must show that the case is not within the exceptions named.

2. ———: ———: NEGLIGENCE: DAMAGES. In an action for the loss of three horses lost by negligence, and three which died from the same cause, the value of all being placed at $355, and for damages to two car loads, the jury returned a verdict for $335.84. *Held*, That it was apparent that the damages were awarded upon both causes of action set forth in the petition, and neither the pleadings, nor proof justifies a verdict for general damages.

ERROR from the district court of Cass county. Tried below before FIELD, J.

*Brome, Andrews, & Sheean,* and *Byron Clark,* for plaintiff in error.

*J. W. Orr* and *A. N. Sullivan, contra.*

MAXWELL, CH. J.

This action was brought by the plaintiff against the defendant in the district court of Cass county to recover for the loss of six horses and damages for injuries to two car loads shipped from San Antonio, Texas, to Norfolk, Nebraska. On the trial of the cause the jury returned a verdict in favor of the plaintiff for the sum of $335.84, upon which judgment was rendered. A large number of questions are discussed in the brief of the plaintiff, which do not seem to arise in the case and need not be noticed.

There are two counts in the petition. In the first it is alleged "that in May, 1886, the plaintiff shipped 181 horses from San Antonio, Texas, to Omaha, and that three of the said horses, of the value of $175, escaped through the defendant's negligence and were lost."

The second cause of action is as follows.

"1. The plaintiff complains of the defendant for that the defendant now is, and at all times hereinafter mentioned has been, a corporation, organized and existing under and by virtue of the laws of the state of Missouri, and operating lines of railway into and through the states of Missouri, Texas, and Nebraska, and into and through the county of Cass in the said state of Nebraska.

"2. At all the times and dates hereinafter mentioned defendant was a common carrier engaged in the business of transporting goods, wares, merchandise, and live stock for hire, for the public generally, to and from points on the line of its said railway, and on lines connected there-

with, with an office at San Antonio, Texas, and was operating its lines of railway between said town of San Antonio, Texas, and various points in said state of Nebraska.

"3. On the 19th day of December, 1886, plaintiff was engaged in buying horses in the state of Texas, with headquarters at San Antonio in said state, for shipment to and sale at points in said state of Nebraska.

." 4. On the date aforesaid the defendant, for a good and valuable consideration, did undertake to and contract with the plaintiff for the transportation by said defendant for plaintiff of two car loads of mares belonging to said plaintiff from said San Antonio, Texas, to Norfolk, Nebraska, and in that behalf to protect and care for said mares and deliver them in good and safe condition within a reasonable and proper time at the point last above named.

" 5. Under and in pursuance of said contract, which was in writing, on the date aforesaid plaintiff delivered to said defendant at said San Antonio, Texas, for shipment to Norfolk, Nebraska, fifty-four head of mares, which were received by defendant and placed in two stock cars used for the shipment of stock.

" 6. Said defendant did not transport said mares to Norfolk, Nebraska, in a good and sound condition, and did not protect and care for said mares while in defendant's custody, but to the contrary said defendant, by its agents and servants, carelessly and negligently failed and refused to furnish and provide cars properly furnished and bedded for the shipment of said mares, and negligently refused to enable or permit plaintiff to procure proper bedding for the cars in which said mares were shipped, and said defendant, by its servants and agents, carelessly and negligently, and wholly disregarding plaintiff's rights in the premises, kept said mares confined in said cars while transporting them over defendant's line of railway, from Muscogee, Indian Territory, to Kansas City, Missouri, for thirty-six hours without food or water, or care of any kind,

and carelessly and negligently refused to permit said mares to be unloaded and fed and watered and cared for by plaintiff while *en route* between said points.

"7. Said defendant, by its servants and agents, carelessly and negligently, and wholly disregarding plaintiff's rights in the premises, kept said mares confined in said cars while transporting them over defendant's line of railway from Kansas City, Missouri, to Norfolk, Nebraska, for forty hours without food, water, or care of any kind, and carelessly and negligently refused to permit said mares to be unloaded and fed and watered and cared for by plaintiff while *en route* between said points, although plaintiff offered and requested that he be allowed so to do.

"8. Defendant, by its servants and agents, negligently and without cause delayed the transportation of said mares between the points hereinafter referred to and kept said mares confined in said cars, while *en route* from San Antonio to Norfolk, five days longer than was necessary and required for the transportation of said mares between said points in a proper and careful manner.

"9. That by reason of said carelessness and negligent acts of the servants and agents of defendant hereinbefore mentioned, three of said mares became sick and died, and were wholly lost to plaintiff, to plaintiff's damages in the sum of $180. The mares so lost were of the value of $180, and the balance of said mares became sick and diseased and had their manes and tails eaten off, thirty-four of said number being with foal lost their colts, and all much depreciated in value, to plaintiff's damage in the sum of $1,850. Wherefore plaintiff prays judgment against said defendant for the sum of $1,900, with interest thereon from the 1st day of May, 1887, besides costs of suit."

It will be observed that the second shipment was made December, 1886; that the cars were eleven days on the way; that in two instances it is charged the animals were kept on the cars more than twenty-eight hours, contrary

to the act of congress of March 3, 1873 (sec. 4386, Rev. Stat. U. S.), "unless prevented from so unloading by storm or other accidental causes." There is also a further exception in section 4388, viz., that when animals "do have proper food, water, space, and opportunity to rest, the provisions in regard to their being unloaded shall not apply." The proof as to delay in feeding and watering the animals before reaching Kansas City shows that the train was somewhat delayed, so far as we can see without the fault of the employes, and there was a delay of two hours at Kansas City, by reason of an engine being off the track. The proof also shows that the delay at Kansas City was caused by reaching that place on Christmas eve, and no freight train left for Omaha until Sunday evening; that there were no facilities at Papillion for feeding stock but it was proposed to stop at Fremont where there were facilities, but the plaintiff went to sleep and the stock was carried by. It is true the plaintiff testifies that the conductor promised to wake him up at Fremont, but failed to do so. But it will not be seriously contended that the company would be liable because the conductor failed to awaken the plaintiff. It was no part of his duties, and while an act of courtesy which should have been performed, yet if the conductor, from forgetfulness or other cause, failed in that regard, the company is not liable. The petition should show that this case is not within either of these exceptions in order to state a liability of the defendant for loss or damage.

2. The statement of injury to the animals is too general to admit proof of special damages. Thus, it is charged that more than thirty of the mares lost their colts, but there is nothing to show that the defendant is at fault in the matter. It is not contended that the injury was caused by the slow rate of travel, or by the failure to feed, water, and rest regularly, nor by other neglect of the defendant than to the jolts and tremor of the cars. So in regard to the depreciation in value of the mares, the charge is gen-

eral, and the proof in regard to all of these matters is but little better than the petition.   An important fact seems to have been given but little weight, that these animals were transported in the month of December about 1,100 miles north, from a comparatively mild climate to a much colder one, and the colder weather no doubt had much to do with the pinched appearance of the animals when they reached Norfolk.   No loss seems to have occurred on the U. P. railway from Omaha to Norfolk, and it seems to be unnecessary to discuss that question.   So in regard to liability of the defendant under its contract.   As the plaintiff evidently recovered on both his causes of action in the court below, there is no material error in the record and the judgment is

AFFIRMED.

THE other judges concur.