EDWARD B. COWLES, APPELLANT, V. MARGARET ADAMS, APPELLEE.

FILED JANUARY 5, 1907. No. 14,605.

1. **Taxation: TAX SALE: EVIDENCE.** Evidence examined, and *held* not sufficient to overcome the presumption of regularity attending a private tax sale arising from the issue of a tax sale certificate.

2. ———: ———: VALIDITY. The failure of the county treasurer to file with the county clerk duplicate tax receipts on payment of taxes due on lands sold for taxes is not such an irregularity as will affect the sale or the rights of the purchaser.

APPEAL from the district court for Hitchcock county: ROBERT C. ORR, JUDGE. *Reversed with directions.*

*E. B. Perry,* for appellant.

*Foss & Brown, contra.*

DUFFIE, C.

This is an action to foreclose a tax sale certificate issued on a private sale made by the treasurer of Hitchcock county. The district court entered a decree foreclosing the certificate, but allowed the owner thereof only 10 per cent. interest, and refused to allow the attorney's fee provided by statute upon the ground that the sale was irregular. Cowles, the plaintiff, has appealed.

The principal question in dispute is the sufficiency of the evidence to overcome the presumption of regularity in the sale arising from the issue of the certificate. It is claimed by Mrs. Adams, the appellee, that the county treasurer failed to make any return to the county clerk of the public sale of lands for taxes for the year 1901, the

date of the tax sale certificate sought to be foreclosed. We have uniformly held that the county treasurer is without authority to sell lands at private tax sale until he has made and filed in the office of the county clerk the report required by section 112, art. I, ch. 77, Comp. St. 1901. *Gallentine v. Fullerton,* 67 Neb. 553. The evidence is undisputed that such return could not at the date of the trial, and prior thereto, be found in the office of the county clerk. The present treasurer, who was employed in the office at the time the sale was made, testified to the uniform custom of making such return at the close of the public sales, and the treasurer's book bears a notation showing that such return was made. The evidence further discloses that, some time after the sale, the vaults in the treasurer's office were taken down for the purpose of enlarging them, and it is not unfair to presume that during such work some of the papers contained therein were either lost or mislaid. The fact that the report cannot now be found is not, in our opinion, sufficient, under the circumstances disclosed, to overcome the presumption of regularity given by statute to the issue of the tax sale certificate.

Another point urged by the appellee is that the treasurer did not, when he made the sale, cause a duplicate certificate to be issued and filed with the county clerk. The statute requiring such duplicate to be filed with the county clerk was not passed until 1903, and no such requirement existed at the time the sale in question was made. From a reading of appellee's brief we are led to believe that the allegation in her answer relating to the failure of the treasurer to file with the county clerk a duplicate certificate was intended to cover the point that the treasurer did not file duplicate tax receipts with the county clerk for the years for which the land in question was delinquent, and for which delinquent taxes it was sold. The object of the statute requiring the treasurer to file such duplicate tax receipts is for the purpose of showing the amount of money received by the treasurer at such

tax sale, and to allow the clerk to keep proper account with the treasurer. The failure to file such duplicate receipts does not, we think, affect the validity of the sale or prejudice the purchaser. The law does not impose upon the purchaser the duty of seeing that the treasurer files duplicate tax receipts for the taxes paid by such sale, and his rights as such purchaser cannot be affected by the failure of the treasurer to perform the duty which can be done only after the sale is completed.

The defendant made a special appearance questioning the jurisdiction of the court, and in her answer she urges that the court had no jurisdiction of her person because of the defective character of the affidavit for publication made and filed by the plaintiff. As she has not appealed from the decree entered against her, the action of the court in overruling her objection to its jurisdiction cannot be considered. An examination of the record presents no matter seriously affecting the validity of the sale, and we recommend that the judgment appealed from be reversed and the cause remanded, with directions to enter a decree in favor of the plaintiff for the amount of the tax sale certificate and all subsequent taxes paid, together with interest thereon and attorney's fees as provided by statute.

Albert and Jackson, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment appealed from is reversed and the cause remanded, with directions to enter a decree in favor of the plaintiff for the amount of the tax sale certificate and all subsequent taxes paid, together with interest thereon and attorney's fees as provided by statute.

Reversed.