## STATE OF NORTH DAKOTA, Plaintiff and Respondent, v. JOHN GRASSY, Defendant and Appellant.

(197 N. W. 881.)

**Indictment and information — conviction of assault and battery with dangerous weapon with intent to do bodily harm warranted under information charging assault with deadly weapon with intent to kill.**

1. Section 10,890, Comp. Laws 1913, provides: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the information or indictment, or of an attempt to commit the offense." For reasons stated in the opinion, and following State v. Maloney, 7 N. D. 119, it is *held* that the crime of assault and battery with a dangerous weapon with intent to do bodily harm (defined by § 9549, Comp. Laws 1913) is necessarily included in the offense of assault with a deadly weapon with intent to kill, and that under an information framed under § 9519 the jury might return a verdict finding the defendant guilty of the offense defined in § 9549, supra.

**Criminal law — verdict not insufficient for omission of words "as charged in the information."**

2. The mere omission from a verdict of guilty of the words "as charged in the information" does not render the verdict incomplete or uncertain. Such verdict, if otherwise complete and certain, is a legal verdict, and sufficient to sustain a judgment of conviction based thereon.

Opinion filed March 12, 1924.

Criminal Law, 16 C. J. § 2587 p. 1103 n. 75. Indictments and Informations, 31 C. J. § 482 p. 854 n. 38, 42; p. 855 n. 44 New.

---

Note.—(1) Conviction of less or other offense than that charged in indictment, see 14 R. C. L. 210.

Appeal from the District Court of Morton County, *Pugh,* J.

John Grassy was convicted of assault and battery with a sharp and dangerous weapon, with intent to do bodily harm, and without justifiable or excusable cause.

Affirmed.

*A. T. Faber* and *Charles L. Crum,* for appellant.

In order to warrant a conviction, the verdict must either in itself, or by a reference to the indictment, contain a finding of every essential element of the crime of which defendant is convicted; if the jury undertakes to set out the elements of the crime and make no reference to the indictment, every material element of the offense charged must be set forth in the verdict, otherwise it will not support a judgment; and a verdict which finds defendant guilty of one of several essential elements of a crime is not sufficient. But a verdict of guilty implies a finding upon every element essential to constitute the crime as charged; and it need not state the specific crime, it being sufficient that it finds defendant guilty as charged in the indictment or information, or that from its language as a whole no doubt can arise as to the offense of which accused is convicted. 16 C. J. 1108.

The verdict must name the person on whom the assault was made, or must incorporate such name by reference to the indictment. It is not necessary in all cases to name defendant in the verdict. 5 C. J. 803.

It is indispensable to a conviction of a crime by a jury that they find every material issue against defendant. Smith v. United States, 126 C. C. A. 353, 208 Fed. 131; 27 R. C. L. 825.

*L. H. Connolly,* State's Attorney, for respondent.

"In the construction of a verdict the first object is to learn the intent of the jury, and when this can be ascertained such effect should be allowed the findings, if consistent with legal principles, as will most nearly conform to the intent. The jury's intent is to be arrived at by regarding the verdict liberally, with the sole view of ascertaining the meaning of the jury, and not under the technical rules of construction which are applicable to pleadings. The language of the verdict should not be construed according to the technical import of the words employed, but should be understood in the sense probably intended by the jury. In the construction of a verdict resort may be had to the pleadings to ascertain its true intent. The verdict should not be read

as an abstraction but as a step in the cause, to be construed and applied reasonable in the light of all the proceedings." State v. Snider (Wash.) 73 Pac. 355.

Law is science based on reason and does not require the observance of useless ceremonies. Verdicts are to have reasonable intendments and receive a reasonable construction and should not be held insufficient unless the court is in doubt as to the intent of the jury as indicated by the verdict. State v. McDonald (S. D.) 91 N. W. 447.

CHRISTIANSON, J. The criminal information in this case charged that "On the 15th day of March, A. D., 1923, in said county of Morton, one John Grassy, late of the county of Morton, and state of North Dakota, did commit the crime of assault and battery by means of a deadly weapon with intent to kill, committed as follows, to wit:

"That at said time and place the said John Grassy, then and there being, did wilfully, unlawfully and feloniously commit an assault and battery upon the person of John F. Haider with a deadly weapon, to wit: a knife, which was then and there held in the hand of said John Grassy, and that then and there with the said deadly weapon, the said John Grassy did strike and ill-treat and wound the said John F. Haider in and about the head and neck with intent then and there to kill the said John F. Haider."

Defendant entered a plea of not guilty.

The jury returned the following verdict:

"We, the jury impanelled and sworn to try the above entitled action find the defendant, John Grassy, guilty of the crime of assault and battery with a sharp and dangerous weapon, with intent to do bodily harm without justifiable or excusable cause."

The defendant moved that the verdict be set aside and judgment arrested upon the grounds: (1) that the verdict is too indefinite, vague and uncertain to sustain a judgment; (2) that said verdict does not find the defendant guilty of any crime specified in the Penal Code of the state, or any crime at all; and (3) that the verdict is null, void and of no legal effect.

The motion was denied and defendant sentenced to imprisonment in the state's penitentiary for the term of one year. Defendant appeals from the judgment of conviction.

Only one question is presented on this appeal, viz.:—Is the verdict sufficient to sustain the judgment of conviction? In our opinion that question must be answered in the affirmative.

The information in this case charged the commission of the offense defined in § 9519, Comp. Laws, 1913. That section makes it a felony for any person to shoot or attempt "to shoot at another, with any kind of firearm, air gun or other means whatever with intent to kill any person," or to commit "any assault and battery upon another by means of any deadly weapon, or by such other means or force as was likely to produce death, with intent to kill any other person." The jury by their verdict found the defendant guilty of the offense defined by § 9547, Comp. Laws, 1913. That section declares that "Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault or assault and battery upon the person of another, with any sharp or dangerous weapon, . . . although without intent to kill such person . . . is punishable" etc.

Hence, the questions are presented: 1. Is the crime mentioned in the verdict, viz.: assault and battery with a sharp or dangerous weapon, with intent to injure another, an offense necessarily included in the offense charged in the information, viz.,: assault and battery by means of a deadly weapon, with intent to kill? and 2. Does the verdict returned in this case contain a finding by the jury of all the essential elements of the offense defined in § 9549?

Both of these questions were considered by this court in State v. Maloney, 7 N. D. 119, 72 N. W. 927. In that case, as in this, the defendant was charged with assault and battery with intent to kill, and the jury returned a verdict finding the defendant guilty of assault with a sharp and dangerous weapon with intent to do bodily harm. In State v. Maloney, the jury first returned the following verdict: "We, the jury in the above entitled action, find the defendant, Daniel Maloney, guilty of assault and battery with a sharp and dangerous weapon, with intent to do bodily harm."

The court refused to receive the verdict for the reason that the words "without justifiable or excusable cause" were not incorporated in the verdict. The court instructed the jury that the said words could not be omitted from the verdict. After receiving these instructions

the jury retired for further deliberation and later returned into court the following verdict which was received and recorded:

"We, the jury in the above entitled cause, find the defendant, Daniel Maloney, guilty of assault and battery with a sharp or dangerous weapon with intent to do bodily harm, without justifiable cause."

This verdict was received and judgment of conviction entered thereon. In considering whether the offense found in the verdict was one included in the offense charged in the information; and whether the verdict was sufficient to sustain the judgment of conviction, this court said:

"It will aid in the solution of the questions presented to consider, first, certain statutes bearing upon the subject matter. As we have stated, the indictment charges an offense defined by § 7115 of the Revised Codes. This section declares that any person 'who commits an assault and battery upon another by means of any deadly weapon, . . . with intent to kill any other person is punishable,' etc. This statute defines an aggravated assault and battery with a deadly weapon, committed with a specific felonious intent, viz., an intent to kill. On a trial for this offense a simple verdict of guilty would legally declare that the accused was guilty of the aggravated assault and battery charged; i. e. an assault and battery with intent to kill. But it frequently happens that in trials based upon such a statute the evidence fails to show that the accused is guilty of the aggravated assault, and yet does show that he is guilty of an assault and battery or of a simple assault. To meet such a contingency, a statute has been enacted, voicing a rule existing at common law, declaring: 'The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the information or indictment,' etc. Rev. Codes, § 8244. Under this statute the defendant could lawfully have been found guilty of the offense of assault and battery, because that offense is necessarily involved in the commission of the aggravated offense charged in the indictment, and defined by § 7115. But the inclusive principle declared by § 8244, supra, is still more comprehensive, and will embrace an offense not included within the particular statute under which an information or indictment is framed. It will permit a jury to find a defendant guilty

of any offense necessarily included in the commission of the offense charged. Applying this test, we discover that the aggravated assault and subordinate offenses mentioned in § 7145, Id., are within this principle of inclusion. It is manifest that an assault, or assault and battery, while armed with a sharp or dangerous weapon, with intent to do bodily harm, is an offense necessarily included in the offense of assault and battery with intent to kill, while armed with a deadly weapon. These explanations will show that in the case under consideration it was legally possible for the jury to return any one of five verdicts, viz. a verdict of not guilty, a verdict of guilty of assault, or guilty of assault and battery, or guilty of the aggravated assault set out in § 7145, or guilty of the aggravated assault and battery defined in § 7115. . . .

"The question first presented on these exceptions is whether the verdict first brought into court was a valid verdict. We thing it was valid. It declared that the 'jury in the above entitled cause find the defendant, Daniel Maloney, guilty of assault and battery with a sharp and dangerous weapon, with intent to do bodily harm.' It would doubtless be correct to charge the jury as a matter of law, to guide them in weighing the evidence in the case, that the defendant could not be found guilty of either, an assault, an assault and battery, or an assault, armed with a sharp or dangerous weapon, with intent to do bodily harm, unless the fact appeared in evidence that the criminal act was committed 'without justifiable cause or excuse.' But the question before the trial court was not a question of evidence, but was whether the verdict brought in was sufficient in substance and form. To our minds, it is obvious that the verdict was, first, a verdict of guilty. This incriminates the defendant, and excludes a verdict of not guilty. Second, it found in express terms that the defendant was guilty of assault and battery. This feature implies that the defendant was guilty of willful and unlawful use of force upon the person of another. Rev. Codes, § 7142. If the residue of the language of the verdict had been incomplete in fact, as it was thought to be by the court below, because the words, 'without justifiable cause or excuse,' were omitted, such residue could have been rejected as surplusage. If rejected, there would then remain a complete and formal verdict for assault and battery, which is an offense necessarily included in the offense charged, and hence a

legitimate verdict in the case. Surplusage can always be rejected. But we are of the opinion that the omission from the verdict of the words above quoted does not render the meaning of the verdict indefinite, or at all obscure. Omitting the words, 'without justifiable cause or excuse,' the verdict is clear and intelligible, and points directly to one offense, and one only, viz. an aggravated assault and battery, defined by § 7145 of the statute. In terms, it finds the defendant guilty of an assault and battery while armed with a sharp or dangerous weapon, and superadds the felonious intent named in the statute; i. e. with intent to do bodily harm. We see no essential element of this statutory offense which is not described by the language found in the verdict with reasonable clearness and certainty, and this is all the law requires in construing the language of verdicts. The well settled rule is that the language of verdicts must have a reasonable and liberal construction. If the verdict 'finds the defendant guilty of something duly charged, and constituting an offense, yet less than the entire allegation, it cannot be treated as void; it is a conviction of a part.' 1 Bishop, New Crim. Proc. § 1005. The same author (§ 1005) says: 'The language of the verdict, being that of 'lay people,' need not follow the strict rules of pleading, or be otherwise technical. Whatever conveys the idea to the common understanding will suffice, and all fair intendments will be made to support it.' See, to the same effect, State v. Ryan, 13 Minn. 370, Gil. 343; Hart v. State, 38 Tex. 383. Applying the liberal rules of construction as laid down by these authorities, we have no difficulty in reaching the conclusion that the verdict first returned into court in this case was sufficient in both form and substance, and would sustain a judgment for the aggravated assault and battery described in the verdict, and defined in § 7145, which offense, as has been shown, is within the purview of the statute under which the indictment was framed. In the case at bar the record does not require us to determine whether an information or indictment which omits the statutory language, viz. 'without justifiable or excusable cause' would be insufficient in substance. On that point we express no opinion. Counsel cites State v. Johnson, 3 N. D. 150, 54 N. W. 547, as authority to show that it was fatal to omit from the first verdict the words, 'without justifiable or excusable cause.' It does not sustain the contention. In that case, as in this, the verdict operated

50 N. D.—46.

to acquit the defendant of the offense charged in the information. But in the Johnson case, unlike the case at bar, the words employed in the verdict failed to point out clearly and distinctly another offense. In that case there was no reference to a sharp weapon, a dangerous weapon, a deadly weapon, or to any weapon. To have sustained the conviction for the aggravated assault defined in § 7145, for which offense Johnson was sentenced, required the court to go beyond any language used in the verdict, and spell out a public offense by mere inference or conjecture. This we declined to do in a criminal case. The verdict here is not at all similar. Its language points with unerring certainty to a particular offense, and to none other. The very terms of the verdict direct the attention of the court to the statute under which the sentence of the court must be pronounced."

This language is equally applicable here.

It is contended that the verdict is defective because it fails to identify the particular assault mentioned in the information and in fact makes no reference whatever to the information. This precise objection does not seem to have been raised in State v. Maloney, supra, although it will be noted that the final verdict in that case was identical in language with that returned in this case. We are of the opinion, however, that the contention is devoid of merit. The verdict should not be read as an abstraction, but as a step in the cause, to be construed and applied reasonably in the light of all the proceedings. 22 Enc. Pl. & Pr. 956, 957. The information in this case charged only one assault. Upon the record before us, it must be presumed that evidence was adduced only in regard to the assault charged in the information, and that the jury in their verdict had reference to such assault only. It is well settled that "the omission from a verdict of guilty of the words in manner and form as charged in the indictment" does not invalidate a conviction, 16 C. J. 1103. See also Comp. Laws, 1913, § 10,881; Ackerman v. State, 7 Wyo. 504, 54 Pac. 228; State v. Bickford, 28 N. D. 36, 147 N. W. 407, Ann. Cas. 1916D, 140.

Judgment affirmed.

BRONSON, Ch. J., and JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.