# THE STATE OF NORTH DAKOTA, Respondent, v. ANTON HOERNER, Appellant.

(215 N. W. 277.)

**Indictment and information — defendant may be found guilty of lesser offense.**

1. Where a defendant is informed against under the latter clause of § 9519 of the Code of 1913 he may be found guilty of the offense described in the first clause of § 9549 of the Code of 1913.

**Criminal law — burden of establishing self-defense not on defendant.**

2. In a prosecution for assault and battery with a deadly weapon with intent to kill, the burden of establishing self-defense or proving circumstances that justify the assault does not devolve upon the defendant, and it is reversible error to so place the burden of proof, even though the court may charge, in addition, that it is the duty of the jury to acquit if on the whole evidence they have a reasonable doubt as to whether the defendant acted in self-defense.

Opinion filed September 27, 1927.

Assault and Battery, 5 C. J. § 213 p. 737 n. 63 New. Criminal Law, 16 C. J. § 2495 p. 1054 n. 97. Homicide, 30 C. J. § 160 p. 18 n. 83 New; § 354 p. 144 n. 5; § 635 p. 389 n. 58. Indictments and Informations, 31 C. J. § 511 p. 863 n. 8.

---

Annotation.— (2) Burden of proof on defendant to establish self-defense, see 8 R. C. L. pp. 171, 175; 5 R. C. L. Supp. 449.

Appeal from the District Court of Oliver County, *Lembke*, J. Reversed.

*A. T. Faber* and *Crum & Crum,* for appellant.

"An inaccurate or incomplete instruction may be cured, if by reference to the rest of the charge the defect is supplied or the law accurately stated. But an absolute misstatement of the law is not cured by a correct statement elsewhere in the charge." Wasson v. Palmer, 13 Neb. 376, 14 N. W. 171; Ballard v. State, 19 Neb. 609, 28 N. W. 271; Ballard v. State, 45 Neb. 458, 63 N. W. 856; Beck v. State (Neb.) 70 N. W. 498.

In an assault with a deadly weapon or a dangerous weapon, the deadly or dangerous character must be averred in the information, either in the language of the statute or by a statement of facts from which the court can see the necessity of such. State v. Dineen, 10 Minn. 407; State v. McKenney, 25 Wis. 378.

In an indictment for assault and battery with a deadly weapon with intent to kill, the person intended to be killed must be designated. State v. Patrick, 3 Wis. 812; State v. Marks, 3 N. D. 523, 54 N. W. 25.

*Robert Dunn, William Langer,* and *S. L. Nuchols,* for respondent.

BURR, J. The defendant was informed against on the charge of assault and battery with a deadly weapon with the intent to kill and was found guilty of "assault and battery with a deadly weapon with intent to do great bodily harm, but without intent to kill." Upon being sentenced to serve one year in the penitentiary he appeals to this court under 17 specifications of error. Four of these specifications deal with the nature and the form of the charge lodged against the defendant. The remainder are leveled against the instructions given by the court to the jury.

The information in this case was drafted under the latter clause of § 9519 stating "that at said time and place the said defendant . . . did intentionally, wilfully, unlawfully, maliciously, and feloniously, with the intent to kill, with great force strike with a gun the person of Rone Bleth." The verdict evidently had the provisions of § 9549 in mind. Section 9519 of the Code of 1913 was § 7115 of the Code of 1895, and § 9549 of the Code of 1913 is the same as § 7145 of the Code of 1895. It is the complaint of the defendant that the verdict

returned was not justified under the provisions of § 9519 and amounted to no more than a verdict of guilty of assault and battery. A "deadly weapon" necessarily includes a dangerous weapon. As pointed out in the case of State v. Cruikshank, 13 N. D. 337, 342, 110 N. W. 697, § 9519 "contains two separate clauses to be construed as if each were separate sections independent and exclusive of each other." The same with reference to § 9549. The defendant is informed against under the second clause of § 9519 and is found guilty under the first clause of § 9549. In this case cited this court pointed out that the first clause of § 9549 "is merely a lesser degree of and is necessarily included in the offense defined" in the second clause of § 9519. In other words where the defendant is prosecuted under the second clause of § 9519 he may be found guilty under the first clause of § 9549 as of a lesser offense. This is what was done in the case at bar and there was no error in receiving such a verdict. As stated in the case of State v. Cruikshank, supra, "the result is that the offense described in the second clause of § 7145 (9549) is merely a lesser degree of and is necessarily included in the offense defined in the first clause of § 7115 (9519). The same is also true of the first clause of § 7145 (9549) and the second clause of § 7115 (9519). This analysis is carried out in the case of State v. Gunderson, 42 N. D. 498, 173 N. W. 791. Here the defendant was prosecuted under the first clause of § 9519 and was found guilty under the first clause of § 9549, which amounted merely to assault and battery. In the earlier case of State v. Johnson, 3 N. D. 150, 54 N. W. 547, it was held that one prosecuted under the provisions of the second clause of § 9519 which was § 6479 of the Code of that day, could be "convicted of assault and battery with a dangerous weapon 'with intent to do bodily harm'" being the first clause of § 9549 or § 6510 of the compiled laws of that day. In this Johnson Case the opinion says: "It is conceded that the information upon which the accused was tried was framed after that part of § 6479 of the Compiled Laws . . . which provides that any person 'who commits any assault and battery upon another by means of any deadly weapon and by such other means or force as is likely to produce death, with intent to kill any other person, is punishable by imprisonment in the penitentiary not exceeding ten years.'" Thus it is clear the prosecution was under the second clause of § 9519. The court pro-

ceeds to show that if in this Johnson Case the defendant had been found guilty of an "armed assault" he could have been sentenced under the provisions of the first clause of § 9549, being § 6510 of that day; but owing to the failure to include the words "dangerous weapon" or similar words showing an armed assault, he was guilty only of assault and battery. In the case at bar the defendant is found guilty of an armed assault. It is clear, therefore, that where one is prosecuted under the provision of the second clause of § 9519 he may be convicted under the first clause of § 9549 as that of an included and lesser offense.

Defendant excepts to certain portions of the charge on the ground the court assumed some of the necessary ingredients of the crimes were proved, among others, that the charge assumed the defendant struck "with the intent to kill," and thus invaded the province of the jury. Owing to the disposition of this case we need not review these exceptions.

A perusal of the evidence shows that the arrest grew out of a long-standing controversy which culminated in a family feud. It is the contention of the defendant, and his testimony tends to show, that any force which he used upon the complaining witness was used in defense of himself and members of his family. The question of self-defense, therefore, was in the case, and the court instructed with reference thereto.

Exception was taken to those portions of the charge where the court, in instructing on self-defense, said nothing with reference to the defense of a member of the family. The court had quoted § 9503 of the Code and then said "the right of self-defense is founded upon the natural right of a man to protect himself against the unlawful assault of another upon him." Similar statements were made in other portions of the charge. It is true these make no reference to justification by defense of a member of a family, but no request for such instruction was made. Nowhere in the charge is it stated the defendant would not have the right to defend a member of his family, nor do we find this right disputed. The court had quoted the law showing the right to defend the family and this was sufficient in the absence of request for more specific instruction.

In the charge to the jury the court quoted section 9503 of the Code

and then added: "But, in connection with self-defense upon the trial for the commission of assault with intent to kill, the commission of the striking or assault by the defendant being proved, the burden of proving circumstances in mitigation, or that justify or excuse it, devolves upon the defendant, unless the proof on the part of the prosecution tends to show that the defendant acted in self-defense. So, in regard to the matter of self-defense, I charge you that if the state has proven to your satisfaction beyond a reasonable doubt that the defendant assaulted Rone Bleth, at the time and place specified in the information, then the burden devolves upon the defendant to prove circumstances that justify the assault with intent to kill in order to entitle the defendant to be acquitted on the ground of self-defense. unless the proof on the part of the prosecution tends to show circumstances creating a reasonable doubt as to whether or not such striking was justifiable, but, if on the whole evidence you have a reasonable doubt as to whether or not the defendant acted in self-defense, it is your duty to find the defendant not guilty." Exception was taken by the defendant to this portion of the charge as the wrongful placing of the burden of proof. It will be noted the court therein charged in effect that if the state proves the defendant *struck* the complaining witness then the "burden of proving circumstances in mitigation, or that justify or excuse it, devolves upon the defendant, etc." The same paragraph also states, that if the state has proved to the satisfaction of the jury beyond a reasonable doubt that the defendant assaulted complaining witness as charged then the burden is upon the defendant to prove justification of the force he used, if he used it with intent to kill, in order to entitle him to be acquitted on the ground of self-defense, etc. It is true the court said that if on the whole evidence there is a reasonable doubt as to whether the defendant acted in self-defense he should be acquitted and reiterated this same statement in other portions of the charge. Nevertheless, it is clear that the court stated the law to be that if the state proved the defendant struck the complaining witness then the burden of proving self-defense devolved upon the defendant. In view of the established rules in this jurisdiction such charge was erroneous. It is the duty of the state to prove there was no justification or excuse in law and this necessarily means the state must negative any justification or

excuse and on the whole can establish defendant's guilt beyond a reasonable doubt. Even if the court had in mind the provision of § 10,860 of the Compiled Laws of 1913 it is clear that such section could not apply to this case. There was no suggestion of homicide and even with reference to that section this court has held in State v. Reilly, 25 N. D. 339, 383, 141 N. W. 720, "that if after a consideration of all the evidence in the case . . . they (the jury) entertained a reasonable doubt upon this subject they should find him not guilty." If at the close of the state's case there is no suggestion even of self-defense then self-defense has been disproved sufficiently. To inject it into the case it would be necessary for the defense to suggest it, but the state must prove no justification or no excuse beyond a reasonable doubt, the same as any other factor.

That the burden of proof is always upon the state even where the defense of self-defense is interposed, is shown by State v. Hazlet, 16 N. D. 426, 113 N. W. 374. There this rule is laid down with reference to self-defense: "It is prejudicial error to instruct the jury that the burden of proof is upon the defendant to establish such defense by a preponderance of the evidence. The burden never shifts to the defendant to establish by a preponderance of the evidence either facts and circumstances in mitigation or excuse, or facts establishing an affirmative defense." This placing of the burden upon the defendant, with reference to his plea of self-defense of himself and family, must have misled the jury and necessitates a reversal of this case.

On arraignment the defendant demurred to the information on the ground that it did not state facts sufficient to constitute a public offense. This demurrer was overruled and error is assigned thereon. In his argument counsel for the defendant admitted the information sufficiently states the offense of assault and battery; but contended that it did not state the offense of assault and battery with a deadly weapon with the intent to kill. If the information states any offense then the demurrer was properly overruled. It is not necessary for us to pass upon the question of whether the information, in its present form, states precisely and accurately the offense attempted to be charged. If it does not it is quite possible the defects can be remedied by amendment.

For the error pointed out in the instructions the case is reversed and remanded for a new trial.

BIRDZELL, Ch. J., and BURKE, CHRISTIANSON, and NUESSLE, JJ., concur.