[File No. Cr. 125.]

STATE OF NORTH DAKOTA, Respondent, v. GUY MUZZY, Appellant.

(262 N. W. 335.)

Opinion filed August 23, 1935.

*McCulloch & McCulloch* and *Hyland & Foster,* for appellant.

*P. O. Sathre,* Attorney General, and *G. A. Lindell,* State's Attorney, for respondent.

BURR, J. The defendant was informed against under the provisions of § 9519 of the Compiled Laws which says: "Every person who shoots . . . at another, with any kind of firearm, . . . with intent to kill any other person, . . . is punishable, etc."

Section 9519 defines another crime, to-wit: "Any assault and battery upon another by means of any deadly weapon, or by such other means or force as was likely to produce death, with intent to kill any other person, . . ." It will be noted each crime defined in § 9519 is a crime committed with intent to kill.

The jury found the defendant "guilty of the crime of assault with dangerous weapon with intent to do bodily harm, although without intent to kill such person and without justifiable or excusable cause, as charged in the information."

The offense described in the verdict is the first of two offenses set forth in § 9549 of the Compiled Laws. This section makes it a crime for a person to commit an assault or assault and battery with any sharp or dangerous weapon with intent to do bodily harm and without justifiable or excusable cause; and also the crime of shooting or attempting to shoot at another with any kind of firearm or other means whatever, without justifiable or excusable cause and with intent to injure such person, although without intent to kill such person or to commit any felony.

The defendant made a motion in "arrest of judgment for any other offense than simple assault" which motion was overruled. He then objected to the entering of judgment for any other crime than simple assault, which objection was overruled.

The court sentenced the defendant to imprisonment in the penitentiary for from one to three years, the order stating that the defendant had been convicted of "the crime of Assault with dangerous weapon with intent to do bodily harm although without intent to kill and without justifiable and excusable cause *by shooting a gun* as charged in the information heretofore filed against said defendant . . . ."

On the appeal the specifications of errors are concerned solely with the question of the legal effect of the verdict returned.

The construction of these §§ 9519 and 9549 was before the court at an early date. In the case of State v. Cruikshank, 13 N. D. 337, 100 N. W. 697, this court held "that the class of acts described as 'assault and battery' with any deadly weapon, etc., in § 9519 (then § 7115), and by the term 'assault or assault and battery' with any sharp or dangerous weapon, in § 9549 (then § 7145), does not include an assault or assault and battery with firearms for the purpose of shooting." We also held in that same case that "a verdict finding the defendant guilty of 'assault with a dangerous weapon, with intent to do bodily harm,' does not warrant a judgment and sentence for the felony defined in § 9549 (then § 7145), as an attempt to shoot with intent to do bodily harm."

In State v. Johnson, 3 N. D. 150, 54 N. W. 517, it is stated: "Where the accused was charged with an assault and battery when armed with a deadly weapon, 'with intent to kill,' and the verdict was for 'assault and battery with intent to do bodily harm, as charged in the informa-

tion,' the verdict will warrant a conviction for assault and battery only. The weapon with which an assault is committed is an essential feature of the crime defined by § 6510 (now 9519). . . . The jury failed to find the weapon, and the omission is fatal to a conviction for a felony."

It is true that the defendant in the Johnson case was informed against for the second crime charged in § 9519 whereas in the case at bar the defendant is informed against for the first case defined in that section. However, in both crimes it is an essential ingredient that the offense is committed by a firearm or a deadly weapon likely to produce death and with intent to kill.

It is urged that the verdict as returned must be construed in the light of the charge of the court, so as to arrive at what the jury intended by its verdict.

The court also charged the jury in regard to the crime of "aggravated assault" and after defining what was called "the lesser crime of aggravated assault with dangerous weapon with intent to do bodily harm, although without intent to kill such person and without justifiable or excusable cause . . ." stated to the jury:

"However, if you entertain a reasonable doubt that the defendant, Guy Muzzy, is guilty of the crime charged in the information of aggravated assault with intent to kill, but do find to your satisfaction and beyond a reasonable doubt, that the defendant is guilty of the lesser offense of aggravated assault with dangerous weapon with intent to do bodily harm although without intent to kill such person, and without justifiable or excusable cause, by shooting at George Albrecht with a firearm or gun, with intent to do him great bodily injury, it would be your duty to find the defendant guilty of such lesser offense and to return your verdict accordingly upon the form of verdict herewith submitted to you for that purpose about as follows: 'We, the Jury duly empanelled and sworn to try the above entitled action, do find the defendant, Guy Muzzy, guilty of the crime of assault with dangerous weapon with intent to do bodily harm, although without intent to kill such person and without justifiable or excusable cause, as charged in the information.' "

It is then urged that as the jury said the defendant was found guilty,

as charged in the information, any of the lesser included offenses would be covered by the verdict, and the defendant could be found guilty of an included crime. This merely raises the question of whether the crime for which the defendant is sentenced is included in the crime charged.

A comparison of the two sections involved, now §§ 9519 and 9549 (for we do not consider that the crime of "aggravated assault and battery" set forth in chapter 114 of the Session Laws of 1929 is involved) shows that the second offense described in § 9549 is included in the first offense described in § 9519, and is a lesser grade as it does not include the element of "with intent to kill"; and the first offense described in § 9549 is included in the second offense described in § 9519, but is a lesser offense because it does not include "intent to kill." The relation of these two is set at rest by previous decisions. In State v. Gunderson, 42 N. D. 498, 173 N. W. 791, it is shown that the first offense described in § 9549 is not included in the first offense described in § 9519. In State v. Grassy, 50 N. D. 715, 197 N. W. 881, it is shown that the first offense described in § 9549 is included in the second offense described in § 9519, and again in State v. Hoerner, 55 N. D. 761, 215 N. W. 277, we show that "Where a defendant is informed against under the latter clause of § 9519, . . . he may be found guilty of the offense described in the first clause of § 9549. . . ."

It is urged that the verdict should be construed as finding the defendant guilty of the second offense described in § 9549, and that the court, in its charge, defined this crime. But the offense described in the charge to the jury and set forth in the verdict is not the second offense mentioned in § 9549, but the first one, and is not included in the first offense set out in § 9519. The only offense common to all of these is "assault." The legal effect, therefore, of the verdict is that the jury did not find the defendant guilty of the major offense, being the first crime set forth in § 9519; but did find the defendant guilty of an included offense therein, to-wit: assault.

The state urges that the language of verdicts must have a reasonable and liberal construction, citing State v. Balliet, 61 N. D. 703, 240 N. W. 604. This rule is not involved in the case.

The state cites State v. Bendickson, 62 N. D. 201, 242 N. W. 693,

where it is said: "In construing the verdict, its language should be considered in connection with the indictment and charge of the court;" and says we must take into consideration the charge of the court and the information in this case which charged the defendant with the first crime set forth in § 9519, and included offenses. In the Bendickson Case the verdict was in harmony with the charging part of the information rather than the portion which named the crime. Therefore, in construing the crime named and described in the verdict, we examined the information and the charge to find the crime set forth therein. It is not necessary to name a crime; but it is necessary to describe and set forth acts which constitute a crime. State v. Noah, 20 N. D. 281, 124 N. W. 1121. See also 31 C. J. 669.

The case at bar does not come within the purview of the Bendickson Case. Because the jury finds the defendant guilty of a certain crime which it says constitutes a crime "as charged in the information," does not make it an included offense.

The state refers to the question set forth in State v. Gregory, 153 N. C. 646, 69 S. E. 674: "Why should we infer that the jury intended to convict the defendant of an offense which was not stated in the bill and of which there was no evidence? Is it not more reasonable and sensible to conclude that they obeyed the judge's instructions and considered only the evidence in the case?" There can be no controversy on such query. The jury followed instructions; but because of the misconception of the law found as a lesser degree an offense not included in the offense stated in the information. The jury in the case at bar found explicitly that there was no intent to kill and also failed to find that the assault was committed by shooting at the defendant, and "the jury failed to find the weapon," that is, a deadly weapon as mentioned in § 9519. The only other offense "charged in the information" of which the jury could find the defendant guilty is the crime of assault.

It is urged that the jury did not intend to find the defendant guilty of simple assault because the court very carefully defined various crimes and set forth and furnished the forms of verdict. The court gave to the jury three forms of verdict of guilty—one, "the crime of assault with intent to kill George Albrecht by shooting the said George Albrecht with a firearm or gun with intent to kill as charged in the in-

formation;" (being the first crime set forth in § 9519); another "the crime of assault with a dangerous weapon with intent to do bodily harm although without intent to kill such person and without justifiable or excusable cause, as charged in the information," (being the first crime set forth in § 9549); and the third "simple assault." It is clear the jury did not find the defendant guilty of the crime described in the first form of verdict and yet was of the opinion he was guilty of a greater offense than simple assault. The jury made use of the second form of verdict furnished it; but as heretofore pointed out the offense described in the second form of verdict is not included in the offense with which the defendant is charged. In other words, the only forms of verdict for the State which the jury could use were the first and the third. Had the second form submitted described the second offense of § 9549, then it could have been used, and if so found it would stand. The jury found the defendant guilty of a crime which is not included in the information and therefore for which he was not tried—seeing the defendant is prosecuted for the first offense set forth in § 9519.

Examining the offense described in the verdict, in the light of the information, we are constrained to hold that the legal effect of the verdict is finding the defendant guilty of simple assault.

The judgment therefore is reversed and the case remanded to the district court, who will sentence the defendant in accordance with the instructions contained herein.

BURKE, Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.